## KRUMMEN v. STILL et ux.

### No. 3725.

Court of Civil Appeals of Texas. Beaumont.

Dec. 4, 1940.

Rehearing Denied Dec. 11, 1940.

Eugene H. Murphy and Murphy & Murphy, all of Longview, for appellant.

Ramsey & Ramsey, of San Augustine, for appellees.

WALKER, Chief Justice.

In 1931 appellant, Ed Krummen, sold to appellees, C. L. Still and wife, a tract of 271 acres of land near Stuttgart, Arkansas, for a consideration of $4,000 cash and $11,000 in notes..

Appellees' theory is that they were induced to buy the land by fraudulent representations made to them by appellant; that

after they had charged appellant with the fraud, he and they agreed to cancel the sale, on condition that they convey the land back to him, and he cancel their notes; that they performed their part of the agreement by conveying the land back to him, but that he refused to surrender the notes; that in 1931 they filed their suit No. 3033, C. L. Still and Josephine Still v. Ed Krummen, in the Chancery Court, Southern District of Arkansas County, Arkansas, praying for cancellation of their notes and for judgment for the $4,000 cash paid by them to appellant, and for grounds of relief plead the fraud that induced them to buy the land and the subsequent rescission; that before the case was tried, they made a second agreement with appellant settling the differences between them, whereby they agreed to dismiss their suit in Arkansas and to return to Texas, and appellant agreed to cancel the notes he held against them; that they returned to Texas and abandoned their suit, but in violation of his agreement, appellant in 1936 filed a cross-action against them, and in 1938 took judgment on his cross-action against them for the amount claimed by him to be due on his notes; that this action by appellant was in fraud of their rights; that he failed to cancel his indebtedness as he agreed, and they had no notice of the cross-action and of the judgment taken against them, and they had given no further attention to their Arkansas suit after they had made their settlement with appellant in 1931.

This suit was filed by appellant against appellees in District Court of San Augustine County on the 12th day of May, 1939, praying for judgment against them for the amount of his Arkansas judgment. Appellees answered, pleading the fraud that induced them to purchase the land, the settlement whereby the sale was rescinded; the institution of the suit by them in Arkansas; the settlement of that suit; and appellant's fraud in taking the judgment against them on his cross-action.

On the 10th day of January, 1940, judgment was entered in the District Court of San Augustine County overruling all of appellant's exceptions to appellees' pleadings, and on trial on the merits to the court without a jury, judgment was entered that appellant "take nothing", from which he has prosecuted his appeal to this court.

In support of the judgment, the trial court filed the following conclusions of fact and law:

### Findings of Fact

"1. In July, 1931, plaintiff proposed to sell defendants certain lands situated in Arkansas County, Arkansas, and represented to them that said land was excellent rice growing land, that it was free from red rice, obnoxious weeds and grasses which were detrimental to the cultivation of rice, and was equipped with a modern irrigation plant and had situated thereon a well adequate for the irrigation of the entire tract, and that said land was not subject to any drainage or levy district taxes. That defendants believing such representations and statements to be true and relying thereon purchased said land by deed dated July 20, 1931, and as consideration therefor paid plaintiff the sum of $4000 in cash and executed four certain promissory notes in the sum of $11,000 that were secured by a lien on the land.

"2. Thereafter defendants learned that the representations and the statements made by plaintiff about the land and relied upon by them were false, and in September, 1931, defendants informed plaintiff of such falsity and demanded of him the return of the purchase price of said land, that is $4000 in cash and the four notes totalling $11,000. Plaintiff and defendants thereupon entered into an agreement whereby the matter was fully settled, in that plaintiff agreed to cancel the notes if defendants would reconvey the land, the deed to be executed by them and delivered to W. E. Leach, of Stuttgart, Arkansas, and defendants thereby accepted said agreement.

"3. In September, 1931, after the settlement agreement defendants executed the deed conveying the land to plaintiff placed same in an envelope addressed to W. E. Leach, Stuttgart, Arkansas, properly stamped same and placed it in the United States Post Office at Kilgore, Texas.

"4. That after the execution and delivery of the deed plaintiff did not cancel said notes, and in October, 1931, defendants filed suit in Arkansas County, Arkansas, against him for the recovery of $4000 and the cancellation of said notes. After suit was filed, and while defendants were in Arkansas County, Arkansas, plaintiff again agreed to cancel said notes if defendants would abandon their suit and return to Texas, and plaintiff further agreed to have said suit that defendants filed dismissed.

"5. That defendants accepted said agreement and returned to Texas with the understanding that plaintiff would have said suit dismissed and cancel said notes. Plaintiff did not have said suit dismissed, but filed a cross-action thereto asking for judgment against defendants on said notes, and afterwards defendants' suit was dismissed, and that plaintiff obtained judgment on his cross-action and that defendants knew nothing of said cross-action or judgment, and the first knowledge defendants had of said judgment was when this suit was filed to establish same.

## "Conclusions of Law

"The Arkansas judgment was procured by the fraudulent conduct of plaintiff by inducing defendants to abandon their suit and return to Texas and agreeing to have their suit dismissed and cancel said notes in full settlement of said suit, and that said fraud deprived defendants of the opportunity of interposing in the Arkansas Court their defense to plaintiff's cross-action, to wit, the cancellation of said notes upon the reconveyance of the land, and the further defense of the cancellation of said notes for the abandonment of defendants' suit, that each of said defenses was a meritorious defense to said cross-action and judgment obtained thereon, and that defendants were not guilty of negligence in urging said defenses.",

■ Appellant has presented no assignments against the court's conclusions of fact and law. Appellees had the right to impeach appellant's Arkansas judgment against them on allegations of fraud, and the facts alleged constitute fraud in the procuring of the judgment sufficient to set it aside. The following proposition is announced by 27 Tex.Jur. 575: "When a sister-state judgment is assailed in Texas the attack is, of course, collateral, and in order for such an attack to be successful the judgment must be void. If the sister state court had jurisdiction of the person of the defendant and of the subject matter of the suit, its judgment imports absolute verity and precludes further examination. But this does not mean that the judgment of a court of a sister-state may not be impeached when the grounds of attack are sufficient, as, for example, want of jurisdiction of the subject matter, or of the person of the defendant, or for fraud in the procurement of the judgment. This is so because the full faith and credit clause of the Constitution refers to judgments rendered by courts having jurisdiction over the person of the defendant and the subject matter in litigation."

Appellees' right to avoid the judgment on allegations of fraud and supporting proof has clear support in the following authorities: Dyer v. Johnson, Tex.Civ. App., 19 S.W.2d 421; Babcock v. Marshall, 21 Tex.Civ.App. 145, 50 S.W. 728; Hare v. Reily, Tex.Civ.App., 269 S.W. 473.

■ The court's conclusions of facts support a judgment to the same extent as the verdict of a jury, and not having assigned error against the court's fact conclusions, appellant is bound thereby.

The following stipulation, duly signed by counsel for appellant and for appellees, was filed in this court on the 14th day of September, 1940:

"It is hereby stipulated by and between the parties to this cause, through their respective attorneys of record herein, that the following documents, which now appear in the Statement of Facts at pages hereinafter shown, were offered and received in evidence upon the trial of this cause in the court below, in behalf of appellant, to wit:

"Exhibits P–2 to P–13, both inclusive (S. F. 30, lines 7 to 28; 31; 32; 33; 34, lines 1 to 11), and exhibit P–20 (S. F. 161 to 166); exhibit P–21 (S. F. 166–167), and P–22 (S. F. 167 to 173); and that each of said exhibits was duly certified to by John Gunnell, clerk of the said Chancery Court of the Southern District of Arkansas County, State of Arkansas, as being true, exact and compared copies of the originals thereof on file in his said office, and additionally authenticated in strict conformance with the full faith and credit provisions of the legislation enacted by the Congress of the United States in pursuance of the authority granted by Article 4, Section 1, of the Constitution of the United States.

"It is hereby further stipulated that aforesaid certificates were introduced and received in evidence upon the trial of this cause in the court below and same can be incorporated in the Statement of Facts herein as a part thereof.

"All of the parties hereto, acting through their respective attorneys of record in this cause, hereby waive the requirement that the respective briefs of parties hereto, in this cause, be filed with the District

Clerk of the court below at San Augustine, Texas.

"Executed on the 22nd day of August, 1940."

█ This agreement ·was not approved by the lower court, and tneretore has no proper office in the record, except. the stipulation in relation to filing the briefs.

The judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.