**Hurshel J. ERVIN, Appellant,**

v.

**GERBER LIFE INSURANCE COMPANY, Appellee.**

No. 8098.

Court of Civil Appeals of Texas, Beaumont.

April 13, 1978.

Rehearing Denied May 4, 1978.

Wayne Walker, Houston, for appellant.

Robert A. Rowland, III, Houston, for appellee.

DIES, Chief Justice.

Plaintiff below, Hurshel J. Ervin, filed suit against Gerber Life Insurance Company, defendant below, on three policies of insurance. Each policy provided monthly payments during hospitalization. Plaintiff alleged that as a result of an automobile accident on December 28, 1973, he was hospitalized on three separate occasions, and that defendant failed to pay all it was obligated to pay under the policies. Plaintiff also sued for treble damages and attorney's fees under the Texas Deceptive Trade Practices—Consumer Protection Act [Tex.Bus. & Comm. Code Ann. § 17.41 et seq. (Supp. 1978)].

Defendant answered that on May 1, 1974, plaintiff for valuable consideration cancelled and returned the policies, discharging defendant from any further liability to plaintiff. Defendant also pled an agreement entered into with plaintiff dated May

1, 1974, in which, for valuable consideration, plaintiff agreed he would not make any application to defendant for other policies of insurance.

On April 15, 1977, defendant filed a motion for summary judgment which was initially set for hearing on April 25, 1977, but was later cancelled. On May 18, 1977, a letter was delivered notifying counsel for plaintiff that hearing on defendant's motion for summary judgment was set for hearing before the court on May 23, 1977.

On May 23, 1977, the court inquired of plaintiff's counsel whether he had filed any papers in opposition to defendant's motion for summary judgment. Counsel answered in the negative. The court advised counsel that his opposition evidence must be filed at least one day before the motion was heard. The court then reset the hearing until May 31, 1977.

On May 31, 1977, plaintiff's counsel filed affidavits contending plaintiff had no mental capacity at the time of executing the releases referred to above. The court refused to consider these affidavits, and granted defendant's motion for summary judgment.

Plaintiff first urges that the court erred in refusing to consider his affidavits.

■ Tex.R.Civ.P. 166–A(c) at the time of the hearing, provided: "The adverse party prior to the day of hearing may serve opposing affidavits."

Plaintiff contends this is directory, and not mandatory.

In *General Plywood Corporation v. Collins*, 414 S.W.2d 224, 228 (Tex.Civ.App.— Amarillo 1967, no writ), Judge Denton, writing for the court, said:

"Appellant's remaining point of error goes to the alleged error of the trial court in not permitting appellant to file its opposing affidavit on the day the motion for summary judgment was heard. An opposing affidavit filed on the date of the hearing does not comply with the provisions of Rule 166–A(c). The refusal to permit the filing of such an instrument or to consider it was not error. *Medina v. Sherrod* (Tex.Civ.App.) 391 S.W.2d 66. These are matters within the discretion of the trial court and no abuse of that discretion is shown."

See also, *Lawyers Surety Corp. v. Investors Mutual of Nueces, Inc.*, 353 S.W.2d 882 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.); *Cantu v. Bage*, 467 S.W.2d 680, 683 (Tex.Civ.App.—Beaumont 1971, no writ).

■ This point is overruled. Plaintiff insists defendant failed to discharge its burden of showing as a matter of law that plaintiffs had no cause of action against it, citing *Stevens v. Bowie National Bank of Bowie*, 475 S.W.2d 314, 318 (Tex.Civ.App.— Fort Worth 1971, writ ref'd n. r. e.).

The summary judgment evidence consisted of:

1. A release of policy K23083 for $1,450.00 signed by plaintiff and notarized.

2. A similar release for $1,450 of policy K23396.

3. A similar release of policy 53070 for $966.86.

4. A signed agreement by plaintiff, for consideration, that he would not in the future apply to defendant for a policy of insurance.

5. Copies of the checks set forth in 1, 2, 3 above showing plaintiff's endorsement.

6. Affidavit of Gary W. Kimball who negotiated the compromise claim settlements.

We believe this evidence was sufficient to establish as a matter of law that plaintiff had no cause of action on these policies of insurance. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974); *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1972).

All of plaintiff's (appellant's) points of error are overruled. The order of the trial court granting the summary judgment is affirmed.

AFFIRMED.