Paul **BONDESON**, Appellant,

v.

**PEPSICO, INC., d/b/a Wilson Sporting Goods Co., a Division, Appellee.**

No. 17189.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 12, 1978.

Charles L. Black Aycock, Houston, for appellant.

Lapin, Totz & Mayer, Paul G. Yale, Houston, for appellee.

EVANS, Justice.

This is an appeal from a summary judgment entered in favor of the plaintiff on the basis of a foreign judgment.

Pepsico, Inc., d/b/a Wilson Sporting Goods Company brought this action against the defendant, Paul Bondeson, to enforce a judgment for the total sum of $695.56. Attached as an exhibit to the plaintiff's petition filed August 3, 1977, is an exemplified copy of the Florida judgment entered January 4, 1977. On September 28, 1977, the defendant filed his first amended original answer to the plaintiff's petition, alleging that he had purchased the merchandise upon which the plaintiff's suit was based as an agent and employee of Sheoah Golf Club, and not individually, and that after the plaintiff had been informed of this fact, it had agreed and promised that it would take no further action against him. He further alleged that in reliance upon this representation, he had not interposed a defense in the Florida action and that the Florida judgment had been fraudulently procured in violation of the plaintiff's agreement with him. The plaintiff then filed a motion for summary judgment based on the Florida defense, and in response thereto, the defendant filed an opposing affidavit in which he stated the following:

". . . At the time I ordered the merchandise described in the invoice attached to said pleadings, I was working for Sheoah Golf Club; and I ordered the merchandise for said Club and not for myself. I quit working for said Club prior to the time the merchandise was delivered, and it was delivered to said Club and not to me. Attached hereto, incorporated herein for all purposes by this reference, and marked Exhibit 'B' is a copy of a letter explaining these circumstances which was sent to the Plaintiff by Mr. Warren Williams, President of said Club. Both Mr. Williams and I explained these circumstances to the duly authorized agents of the Plaintiff, both before and after the Plaintiff filed said Florida suit against me. Finally, after said Florida suit was filed and I was served with the citation and I again explained the above described circumstances to the Plaintiff's agents, they promised me on behalf of the Plaintiff that the Plaintiff would drop the Florida suit and would not further prosecute the same against me. But for said promise, I would have hired a Florida lawyer to represent me and prove to the Florida Court that I purchased said merchandise as an agent of Sheoah Golf Club and not individually, and that I never received the same, having left the employ of said Club before it was delivered. I believed the Plaintiff's promise that it would not further prosecute the Florida suit and relied on said promise."

On November 21, 1977, the trial court entered an order denying the plaintiff's motion for summary judgment. Thereafter,

on January 3, 1978, the plaintiff filed a second motion for summary judgment and its brief in support thereof, directing the court's attention to Florida Rules of Civil Procedure, Section 1.540, which provides, in effect, that a judgment procured by the fraud, misrepresentation, or other misconduct of an adverse party may be set aside upon motion made within one year after the judgment was entered and not thereafter. The trial court granted the plaintiff's second motion for summary judgment, and the defendant brings this appeal contending that the record establishes a genuine issue of material fact as to whether or not the Florida judgment was procured by fraud.

A judgment of another state may be impeached for fraud in an action brought in Texas for its enforcement. *Krummen v. Still,* 146 S.W.2d 288 (Tex.Civ. App.—Beaumont 1940, writ dism'd jdgmt. cor.). Thus, a foreign judgment obtained in violation of a promise to dismiss a suit or to take no further action is subject to attack in this state. *Babcock v. Marshall,* 21 Tex. Civ.App. 145, 50 S.W. 728 (Austin 1899, no writ); *Krummen v. Still,* supra. The defense of fraudulent procurement is available in a suit brought in Texas to enforce a foreign judgment when the same fraud would have been a defense in an action brought on the judgment in the state in which it was rendered. *Marsh v. Millward,* 381 S.W.2d 110, 114 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.); *Burleson v. Burleson,* 419 S.W.2d 412 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ).

In the case at bar, the defense of fraudulent procurement was interposed by the defendant in the Texas action within one year following the entry of the Florida decree. Since the Florida statute of limitations would not then have precluded the assertion of this defense if a motion had been filed in Florida to vacate the decree, it does not constitute a bar to the defense being asserted in the Texas action brought to enforce the judgment. Contrary to the plaintiff's contention, the defendant was not required to bring proceedings in the State of Florida to vacate the decree in order to assert the defense that the foreign judgment was fraudulently obtained.

It is also the plaintiff's contention that the contents of the defendant's opposing affidavit do not adequately raise a genuine issue of material fact with respect to the defense of fraudulent procurement because the affiant does not set forth the names of the plaintiff's agents who allegedly made the false representations or the dates or places when such representations were allegedly made. This contention must be overruled. The plaintiff did not file exceptions in the trial court complaining that by reason of the lack of specificity in the defendant's affidavit it was not sufficiently informed of the identity of the persons who had allegedly made the false representations or with respect to the circumstances surrounding the making of such representations. Had such exceptions been presented to the trial court, additional particulars concerning such matters could easily have been supplied by a supplemental affidavit, as evidenced by the defendant's response to interrogatories filed subsequent to the date of hearing on the plaintiff's motion but prior to the date of the entry of the summary judgment. The statements contained in the defendant's affidavit sufficiently demonstrate the existence of a genuine issue of material fact regarding the defense of fraudulent procurement, and the plaintiff's objections to the form of the affidavit must be considered waived. *Jones v. McSpedden,* 560 S.W.2d 177, 179 (Tex.Civ.App.—Dallas 1977, no writ).

The judgment of the trial court is reversed and the cause is remanded.