N.F. ABRAMOWITZ, Appellant,

v.

Howard MILLER, et al., Appellees.

No. 12–81–0068–CV.

Court of Appeals of Texas, Tyler.

March 10, 1983.

Howard M. Rubinstein, Houston, for appellant.

Sam T. Weinberg, Houston, for appellees.

SUMMERS, Chief Justice.

This is an appeal from a summary judgment rendered against appellant N.F. Abramowitz in the District Court of Harris County, Texas, in a suit to enforce a California judgment rendered for appellees, Howard Miller and The Inventory Service Corporation d/b/a Federal Appraisal Service, in the sum of $6,762.38.

Appellant presents one point of error asserting that the district court erred in granting summary judgment to the appellees as a material issue of fact existed as to whether the California court had jurisdiction over the appellant. We affirm.

### Suit in California

The record reflects that on July 23, 1975, the appellees sued appellant N.F. Abramowitz and others in the Municipal Court for the Los Angeles Judicial District, Los Angeles County, California, in Cause No. 029990, on a complaint seeking a recovery of money allegedly due on an account in the amount of $4,615.00 for appraisal and related services together with interest and costs. Appellant Abramowitz made an appearance in this suit by filing an answer to the complaint on August 3, 1977. On or about November 15, 1978, appellant received notice that the California suit was scheduled for trial on December 14, 1978. Thereafter, appellant's counsel, at appellant's request, joined with the other parties in signing a consent to a stipulation agreement continuing the trial to January 31, 1979. When, pursuant to such agreement, the cause came on for trial on January 31, 1979, appellant did not appear either in person or by counsel for trial. The case proceeded to trial on that date with appellees presenting testimony from two witnesses and a trial

brief. On February 1, 1979, the court rendered judgment in favor of appellees and against appellant Abramowitz for the sum of $6,762.38. Appellant learned of the rendition of this judgment on or about February 3, 1979. Over five months had elapsed, when on July 17, 1979, appellant, by his newly retained California counsel, gave notice to each appellee that on July 31, 1979, appellant would move the court to vacate the judgment of February 1, 1979. Appellant's motion was accompanied by two affidavits. One by appellant stated that he assumed his attorney Rubinstein was planning to appear for him at trial on January 31, 1979, and that it was not until on or about February 3, 1979, he learned that Mr. Rubinstein had not appeared and that judgment had been rendered against him. The other was an affidavit by Mr. Rubinstein stating he did not appear at trial on January 31, 1979, because he mistakenly believed appellant intended to represent himself. At the hearing on July 31, 1979, the court, after considering all matters presented and oral argument by counsel for each party, denied appellant's motion to vacate the February 1, 1979, judgment.

### Suit in Texas on California Judgment

On April 14, 1980, appellees (plaintiffs in both California and Texas) instituted suit against appellant Abramowitz (defendant in both states) under Cause No. 80–16255 in the 61st District Court of Harris County to enforce the California Judgment of February 1, 1979, for the sum of $6,762.38 against appellant. On July 24, 1980, appellant filed his unsworn original answer alleging a general denial and further that the judgment was invalid and void in that the California court lacked jurisdiction to render the judgment which was rendered in personam against him.

■ On February 20, 1981, appellees filed their first amended motion for summary judgment,[1] which motion was on that date

---

1. The motion was accompanied by an exemplified copy of the following proceedings of record in Cause No. 029990 between the parties in the

Municipal Court for the Los Angeles Judicial District, Los Angeles County, California:

set for hearing on the 16th day of March, 1981. On the hearing date appellant's counsel attempted to file a motion in opposition to the summary judgment. The court denied leave for the appellant to file his opposition motion and proceeded to hear the motion for summary judgment. The refusal to permit the filing of such opposition motion or to consider it was not error. *Ervin v. Gerber Life Ins. Co.,* 566 S.W.2d 45, 46 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). After considering the summary judgment proof and the argument of counsel for each party, the court on March 20, 1981, rendered and signed an order granting appellees' first amended motion for summary judgment decreeing that appellees recover from appellant the sum of $6,762.38 together with interest from February 1, 1979, at the rate of 9% per annum until paid and costs.

On March 30, 1981, appellant filed his motion to set aside the summary judgment of March 20, 1981, alleging that the California court lacked jurisdiction over appellant, that the California judgment was invalid as a matter of law and that a material issue of fact is in dispute. This motion to set aside the summary judgment was overruled by the court on April 6, 1981.

■ Our attention has not been directed to any pleading or proof by appellant concerning the law of the State of California or to a motion that the trial court take judicial notice thereof as provided in Rule 184a.[2] For the purpose of this opinion, therefore, we presume that the law of California is the same as that of Texas. *Gevinson v. Manhattan Construction Co. of Oklahoma,* 449 S.W.2d 458, 465 (Tex.1969); *Braddock v. Taylor,* 592 S.W.2d 40, 42 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). *Harris v. Harris,* 403 S.W.2d 445, 447 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.).

Judgment of February 1, 1979, in favor of appellees and against appellant herein; complaint filed July 23, 1975 by appellees against appellant Abramowitz and others alleging an account owing; summons issued by Court Clerk on July 31, 1975 for service on defendants; appellant's answer filed August 3, 1975; notice of motion to vacate judgment and affidavits of appellant and his attorney

■ When a foreign judgment of a sister state regular on its face is properly authenticated, a prima facie case is established and the Texas law presumes that the foreign forum had jurisdiction over the cause and the parties unless disproved by extrinsic evidence or by the record itself. *Colson v. Thunderbird Building Materials,* 589 S.W.2d 836, 839 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). The burden is then on the party resisting the enforcement of the judgment to establish that it was not final and subsisting or that the court did not have jurisdiction to render it. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975). In seeking to enforce the California judgment in Texas, appellees were not required to relitigate the issue of the account, if any, owing to them by appellant Abramowitz. That issue was decided by the California court when it entered its judgment, and that decision is entitled to full faith and credit when brought to this state to be enforced unless extrinsic evidence or the record shows the court did not have jurisdiction.

In the instant case, appellees attached an exemplified copy of the judgment rendered on February 1, 1979, by the Municipal Court for the Los Angeles Judicial District, County of Los Angeles, State of California, in favor of appellees against appellant in Cause No. 029990 in that court. Such court is judicially known as a court of general jurisdiction, and such exemplified copy of judgment was duly authenticated as provided by law. Since such judgment is regular on its face and properly authenticated, the court's jurisdiction over the cause and the parties is presumed and the burden of showing lack of jurisdiction or other invalidity rested upon appellant as the one attacking the judgment.

Rubinstein presented to court at hearing on July 31, 1979; appellees' opposition to the motion to vacate judgment and declaration of appellees' attorney in support thereof; notice of court's ruling denying appellant's motion to vacate the judgment of February 1, 1979.

2. All references to rules are to Texas Rules of Civil Procedure unless noted otherwise.

The exemplified record of the California suit shows that on August 3, 1977, appellant answered the complaint by filing an unsworn answer thereto in which he denied the court's jurisdiction; that pursuant to appellant's request his counsel joined with counsel for the other parties in signing a consent to a stipulation agreement continuing the trial from December 14, 1978, to January 31, 1979.

 A non-resident defendant by filing an answer to plaintiff's petition gives the court jurisdiction over his person. *Carter v. G. & L. Tool Company of Utah, Inc.*, 428 S.W.2d 677, 681 (Tex.Civ.App.—San Antonio 1968, no writ). Rule 121 provides that an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him. A defendant seeking to make a special appearance to challenge the court's jurisdiction must follow strictly the means provided by Rule 120a to avoid making a general appearance. The Rule prescribes how the appearance may be made:

> "Such special appearance *shall be made by sworn motion filed prior to plea of privilege or any other plea, pleading or motion . . . .*" The Rule further provides that, "*Every appearance, prior to judgment, not in compliance with this rule is a general appearance.*" (Emphasis supplied.)

*Stewart v. Walton Enterprises, Inc.*, 496 S.W.2d 956, 959 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.).

 The appearance made by appellant in filing his unsworn answer in the California suit on August 3, 1977, asserting a plea to the jurisdiction of the court was not in conformity with the procedure afforded by Rule 120a for making special appearance and therefore constituted a general appearance for all purposes. *Stewart v. Walton Enterprises, Inc., supra* at 959; *Austin Rankin Corporation v. Cadillac Pool Corporation,* 421 S.W.2d 733, 734 (Tex.Civ.App.—Beaumont 1967, no writ).

In our view, the court in California obtained personal jurisdiction of appellant Abramowitz and its judgment of February 1, 1979, is entitled to full faith and credit when brought to Texas for enforcement against him. We conclude that a material issue of fact did not exist as to the California court's jurisdiction and accordingly hold that the trial court properly granted appellees' first amended motion for summary judgment. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.