Emery Albert SEELEY, Appellant,

v.

Anna Maria Pangoni
SEELEY, Appellee.

No. 14167.

Court of Appeals of Texas,
Austin.

April 3, 1985.

Rehearing Denied May 29, 1985.

Pierre A. Kleff, Jr., Killeen, for appellant.

Richard J. Petronis, Petronis, Petronis & Guinn, Killeen, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

This is an appeal from a judgment in a divorce suit which awarded appellee Anna Maria Pagoni Seeley 44% of the husband's military retirement pay. Appellant, Sergeant Emery Albert Seeley, a professional soldier, was stationed at the time of suit in Germany. A special appearance was filed by appellant, pursuant to Tex.R.Civ.P.Ann. 120a (Supp.1985). In his motion, appellant

alleged that his legal domicile was in Middlesex County, Massachusetts, and that neither his person nor his property outside Texas were amenable to process in this State. The trial court granted the divorce, awarded appellee all the community property in Texas. The trial court ruled that it had jurisdiction to divide appellant's military retirement.

The appellant concedes that the trial court had *in rem* jurisdiction to grant the divorce and award his former spouse their community property located in Texas. However, he argues the trial court should have sustained his special appearance because the courts of this state did not acquire in personam jurisdiction over his person or his property located outside the state. Appellant argues that there was no evidence that Texas was the "last marital residence" of the parties and that suit was commenced within two years, under Tex. Fam.Code Ann. § 3.26 (Supp.1985). Appellant contended further that his residence in Texas was solely by reason of his military assignments in this state.

Primarily, appellee urges that the special appearance was waived by the attorneys for appellant. In support thereof, appellee points out that the appellant failed to have the trial court rule on the special appearance prior to the trial on the merits of the case. We have concluded that appellant entered a general appearance and consented to the court's jurisdiction.

▬ In order to divide appellant's military retirement the trial court must first have personal jurisdiction under sec. 1408(c)(4), *supra*, which provides:

A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (c) his consent to the jurisdiction of the court.

In its conclusion of law the trial court stated that the provisions of sec. 1408 did

not apply. The trial court found that appellant established residence in Texas and that the court could divide retirement on that basis. Section 1408(c)(4), however, is a clear limitation on a court's exercise of jurisdiction to dispose of military retirement pay. *See Southern v. Glenn*, 677 S.W.2d 576 (Tex.App.1984, writ ref'd n.r.e.). Moreover, the state law must yield when there is a conflict with valid federal law. *Free v. Bland*, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962). Thus, we are compelled to apply the particular jurisdictional provisions of sec. 1408(c)(4) rather than the more expansive state law provisions applied by the trial court.

The record reveals that when the case was called, the trial judge asked whether the parties were there on appellant's special appearance. Appellant's attorney responded that although a special appearance was set for hearing, that he had no objection "to the petitioner [appellee] proceeding with the proof on the divorce itself and reserve[d] that question on military retirement pay in response to whatever evidence petitioner puts on." Appellant's sole objection was limited to the jurisdiction of the court over the military retirement pay. The case then proceeded with the appellee's attorney putting on his witness, the appellee, and proceeding with direct, cross, and redirect examinations. That examination included questions concerning the benefits. Subsequently, the appellant's attorney read into the record, in its entirety, the deposition of the appellant. The appellee was recalled by her attorney to respond to the questions propounded to the appellant in his deposition. Again, through the course of this examination answers concerning the military retirement were elicited. After appellant rested, the court allowed argument concerning the issue of appellant's special appearance.

▬ By allowing the case to be tried in this manner, the appellant entered a general appearance. The record indicated that the court did not rule on the special appearance until the trial on the merits was concluded. An individual who challenges the court's jurisdiction by filing a special appearance must follow strictly the provi-

sions of Rule 120a to avoid making a general appearance. *Abramowitz v. Miller,* 649 S.W.2d 339 (Tex.App.1983, no writ). In *Steve Tyrell Productions, Inc. v. Ray,* 674 S.W.2d 430 (Tex.App.1984, no writ) the court said, "Rule 120a provides that the Rule 120a motion to the jurisdiction 'shall' be heard and determined before any other plea or pleading may be heard." Since appellant allowed the trial to proceed without first obtaining a ruling on his Rule 120a motion, we hold that appellant waived his special appearance. The Texas rules of civil procedure provide that only *after* a special appearance is overruled may a party thereafter appear generally without waiving his special appearance. This rule, however, applies only where the special appearance is overruled *prior to a trial on the merits.* By invoking the court's jurisdiction on matters other than jurisdiction, and without being compelled to do so by prior ruling of the court, the appellant made a general appearance. *Toler v. Travis Co. Child Welfare Unit,* 520 S.W.2d 834 (Tex.Civ.App.1975, no writ). This being the case, appellant consented to jurisdiction and satisfied the requirements of sec. 1408(c)(4). Appellant's points of error are overruled.

The judgment of the trial court is affirmed.