**H.R. FENDER, Appellant,**

v.

**DELTA MUD & DRILLING CO., A DIVISION OF CHROMALLOY NATURAL RESOURCES COMPANY, Appellee.**

**No. 12–83–0060–CV.**

Court of Appeals of Texas, Tyler.

Aug. 8, 1985.

Rehearing Denied Oct. 31, 1985.

Richard H. Lottman, Wilson, Miller, Spivey, Sheehy, Knowles & Hardy, Tyler, for appellant.

Gene W. Caldwell, Bain, Files, Allen & Caldwell, Tyler, for appellee.

## ON MOTION FOR REHEARING

BILL BASS, Justice.

Our opinion dated May 30, 1985, is withdrawn, and the following is substituted.

This is an appeal from a summary judgment rendered in favor of the appellee based upon a foreign judgment.

Delta Mud & Drilling Co., A Division of Chromalloy Natural Resources Company, (Delta) originally brought a collection proceeding in Louisiana against H.R. Fender, appellant. Due to certain alleged representations by Delta, Fender did not file a response or answer in the Louisiana proceeding, and a default judgment was rendered against him on January 18, 1980, and amended on January 23, 1980, awarding Delta the sum of $138,070.99, together with interest and attorneys' fees. On March 27, 1980, Delta instituted this proceeding in the 114th District Court of Smith County, Texas, seeking to obtain a Texas judgment against Fender, in conformity with the Louisiana judgment. Delta filed a motion for summary judgment which was granted, hence this appeal.

In his brief appellant raises four points of error. However, we address only the point wherein appellant contends the trial court erred in granting Delta's motion for summary judgment for the reason that Fender "had raised the issue of fraud, by affirmative defense and by summary judgment evidence, and such issue of fraud was a genuine issue of material fact" as to

whether or not the Louisiana judgment was procured by fraud.

■ The judgment of another State may be impeached for fraud in an action brought in Texas for its enforcement when the same fraud would have been a defense in an action brought in the state where the judgment was rendered. *Bondeson v. Pepsico, Inc.,* 573 S.W.2d 842 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Krummen v. Still,* 146 S.W.2d 288 (Tex.Civ.App.—Beaumont 1940, writ dism'd judgment cor.). A foreign judgment obtained in violation of a promise to stay proceedings or dismiss a suit may be subject to attack in a Texas proceeding. *Babcock v. Marshall,* 21 Tex.Civ.App. 145, 50 S.W. 728 (Austin 1899, no writ); *Krummen v. Still, supra.* In *Harris v. Harris,* 403 S.W.2d 445, 447 (Tex. Civ.App.—Houston 1966, writ ref'd n.r.e.), the court stated:

> The law of the state where the judgment is rendered governs in determining the validity, finality and effect of the judgment. However, our courts may not take judicial notice of the laws of another state in the absence of a request to do so. Rule 184a, T.R.C.P. Such laws are facts to be proven and in the absence of proof of such laws by judicial knowledge properly requested or proof otherwise, we presume them to be the same as the laws of Texas. (Citations omitted.)

The record does not disclose any proof or request for judicial notice of the applicable Louisiana law.

Delta persuasively argues that Fender has a two-fold burden: first to demonstrate the availability of the fraud defense in Louisiana by proof of Louisiana law by judicial knowledge properly requested or by other evidence; second, having first satisfied this threshold inquiry, to proceed to show the defense proper by evidence of the fraud sufficient to raise a genuine issue of fact. In Delta's view, Fender, having failed to carry its prerequisite burden of calling the court's attention to the existence of the defense in Louisiana or otherwise proving it, is barred from proceeding to show the defense itself.

■ Delta offers an appealing analysis. However, we are confronted with numerous pronouncements of Texas courts which hold that, absent proof or properly requested judicial notice, our courts will presume that the foreign law in question is the same as Texas law. *Commonwealth of Mass. v. Davis,* 140 Tex. 398, 168 S.W.2d 216 (1942); *Harris v. Harris, supra; Mathis v. Wachovia Bank & Trust Company,* 583 S.W.2d 800 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Abramowitz v. Miller,* 649 S.W.2d 339 (Tex.Civ.App.—Tyler 1983, no writ); *United States Fidelity v. Richey,* 18 S.W.2d 231 (Tex.Civ.App.—Texarkana 1929, writ ref'd).

■ Texas law allows an attack on a default judgment for fraud in its procurement. Therefore, we are compelled to hold that in defending against the enforcement of the Louisiana judgment, Fender is entitled to rely on the presumption that the same defense obtains in Louisiana. Consequently, he may urge his defense without a preliminary showing of Louisiana law.

Fender supported his affirmative defense of fraud by his affidavit which was based on personal knowledge and attached to his response to motion for summary judgment. The applicable portion of Fender's affidavit states:

> During the year 1979, I received citation from Delta ... that I had been personally sued upon obligations arising in the State of Louisiana. Upon receipt of such notice, I contacted the representatives that I had dealt with [at Delta] ... and was assured that no further action would be had on the lawsuit pending ... until further notice to me and further, that all responsible parties for the obligations owing to Delta ... would be contacted and arrangements made whereby each party paid their pro rata share of the account due to Delta .... Based upon my conversations with officers and agents of the Plaintiff corporation, I relied upon their representations that no further action would be taken against me and that no action was required on my

part at that time and none would be required until further notice from the representatives of Delta ....

Only after a substantial period of time had elapsed did I receive notice that a Judgment had been rendered against me in the State of Louisiana. At such time as I learned the Judgment had been rendered against me, my time for appeal had elapsed. I have filed a Motion for Bill of Review to review the proceedings that were held in the State of Louisiana as I believe them to be without foundation and in direct contravention of all agreements between myself and the company that has obtained a Judgment against me by fraud and deceit.

■ The fraud as alleged involved assurances made by Delta's representatives that no further action would be had in the lawsuit pending in Louisiana, until further notice was given to Fender. Furthermore, it was represented to Fender that no action by him was necessary, and that Delta would not move forward in that proceeding unless they notified him. Fender, in reliance upon these representations, maintains he did not pursue any valid and meritorious defenses to which he was entitled in the Louisiana proceeding.

In our view the requisite elements of fraud were raised by Fender. *Stone v. Lawyers Title Insurance Corporation,* 554 S.W.2d 183, 185 (Tex.1977). If affidavits or other summary judgment evidence raises a fact issue as to fraud, it is improper to grant a summary judgment. *Susanoil, Inc. v. Continental Oil Co.,* 519 S.W.2d 230 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.).

The judgment is reversed, and the cause is remanded.