## CIRCUIT COURT OF FAIRFAX COUNTY

Kramer

v.

Kramer

April 5, 1990

Case No. (Chancery) 112690

By JUDGE RICHARD J. JAMBORSKY

This matter is before the Court on the defendant's Partial Motion to Dismiss the Bill of Complaint. For the following reasons, the Court denies defendant's motion.

Defendant is a member of the armed services; he is currently stationed in Virginia, but he maintains his home of record in Montana. The Complaint alleges that complainant was a resident and domiciliary of Virginia for a period of more than six months when she filed for divorce in this Court. In her prayer for relief, complainant requests custody of the parties' minor daughter, equitable division of the marital property, and support for complainant and the child, *pendente lite* and permanently. In September of 1989, defendant filed this motion objecting to the Court's jurisdiction to dispose of defendant's military retirement pension; the motion asserts that this Court has proper jurisdiction over all other matters referenced in the Bill of Complaint. After the motion was filed but before it was heard, defendant requested and received relief from the Court, through counsel, including entry of a decree of reference and a consent order granting him extended visitation rights. He presented evidence and argument on the merits of complainant's petition for *pendente lite* spousal and child support and on the form of the order embodying the Court's ruling. Even more sig-

nificantly, he requested and obtained a date certain for trial of the issues of support and equitable distribution.

Nevertheless, defendant contends that this Court has no jurisdiction to make any disposition of his military retirement pension under the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (c)(4). Subsection (c)(4) prevents a court from making any disposition of a military pension unless the court has jurisdiction over the service member spouse based on (A) voluntary residence in the state, (B) domicile in the state, or (C) consent to the jurisdiction of the court. Defendant maintains that this provision requires his consent to the disposition of the pension. He argues that because he does not consent to this Court dividing his pension, the Court has no jurisdiction to do so.

The Court disagrees; subsection (c)(4)(C) allows a court to dispose of a pension if a service member consents to personal jurisdiction. There is no reason to read the provision in the manner proposed by defendant. The case of *Southern v. Glenn*, 677 S.W.2d 576 (Tex. App. 4 Dist. 1984), provides no support for such a reading. In that case, a Texas appellate court held that § 1408 prohibited a Texas court from partitioning a military pension when the service member maintained that he was not subject to personal jurisdiction in Texas. The court expressly distinguished that situation from one in which a service member subjects himself to the jurisdiction of the Court by a general appearance in the case. *Id*. at 583. This distinction appears to be sound. Another Texas appellate court held that when a service member objects only to jurisdiction over his pension, the court has jurisdiction, pursuant to subsection (c)(4)(C), if the service member enters a general appearance by allowing and voluntarily participating in the trial of other matters before his objection was heard and determined by the court. *Seeley v. Seeley*, 690 S.W.2d 626 (Tex. App. 3 Dist. 1985); *in accord, In re Marriage of Jacobson*, 161 Cal. App. 3d 465, 207 Cal. Rptr. 512 (1984) (member consented to jurisdiction of California court by filing stipulation and consent order "to have case resolved under California law and here" and by listing pension as community or quasi-community property in response to petition for separation). No cases support defendant's theory.

In this case, defendant has no objection to this Court's exercise of personal jurisdiction over him. Subsection (c)(4)(C) is also satisfied because defendant consented to jurisdiction by requesting affirmative relief in this suit and by voluntarily participating in trial on the merits. This consent allows the Court to dispose of the pension. Accordingly, the Court denies the motion to dismiss.