

**NUMBER 13-11-118-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARY CATHERINE LEWIS,**                                              **Appellant,**

**v.**

**CURTIS WILLIAM LEWIS,**                                              **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Vela, and Perkes**
**Memorandum Opinion by Justice Vela**

This is an appeal from an order granting a special appearance and vacating a prior order in a divorce case. Appellant, Mary Catherine Lewis, raises two issues on appeal, urging that the evidence supported a finding that the trial court had personal jurisdiction over appellee, Curtis William Lewis, and claiming waiver because the special appearance

was not set for a hearing prior to the final divorce hearing.   We affirm.

## I. BACKGROUND

Mary Catherine filed a divorce petition in Nueces County, Texas on October 15, 2010.   When the petition was filed, she had been living in Nueces County for a period of six months and the petition reflects that she had been domiciled in Texas for the preceding six-month period.   There are no jurisdictional recitations with respect to Curtis's residence or that of the couple's minor children.   It was undisputed that Curtis was living in California at the time with the couple's two minor children.   Curtis was personally served with the divorce petition on December 20, 2010.   The citation was returned on December 30, 2010.   On January 21, 2011, after the deadline for filing an answer, but before any hearings had taken place in the trial court, Curtis filed a verified special appearance, claiming that his legal domicile was California and that he has insufficient contacts with Texas for the state to assert personal jurisdiction over him.   On January 25, 2011, the trial court held a hearing and granted the divorce.   Curtis had received no notice of the setting and was not present at the final hearing.

On January 31, 2011, Curtis filed an affidavit supporting his special appearance, averring that California was the last marital residence of the parties and contesting jurisdiction because he was not a Texas resident and had never resided in Texas.

On February 8, 2011, the trial court held a hearing on the special appearance. The court informed the parties that it was not aware that the special appearance had been filed prior to granting the divorce petition.

2

At the special appearance hearing, Mary Catherine testified that she and Curtis lived in Texas in 1992 for a period of six months.   She was a legal resident of Texas from 1968 until December 2003.   She was in the military and considered herself to be a legal resident of Texas during that period of time.   She returned to Nueces County, Texas in March 2010.   Mary Catherine testified that she moved to Texas because she could no longer afford the tax rate that she was paying in California.   She sent money to California for the support of the children in 2010.   On cross-examination, she agreed that it had been nineteen years since Curtis had lived in Texas.   The children were also California residents.   Her daughter visited her at Christmas and during the summer months of 2010.

Curtis testified via telephone from California that the children were residing with him in California and that the information in his affidavit in support of the special appearance was correct.   In his affidavit, he averred that California was the couple's last marital residence, the children reside with him in California, and that neither he nor the children ever resided in Texas.   His only connection with Texas is that his wife moved to Texas in 2010.   On cross-examination, Curtis testified that he lived in Texas in 1992, while his wife was stationed in Texas, but he was not a Texas resident.   The trial court took the matter under advisement and later granted the special appearance.

## II. STANDARD OF REVIEW AND APPLICABLE LAW WITH RESPECT TO JURISDICTION

A special appearance is used to challenge the trial court's jurisdiction over the person or property based on a claim that neither is amenable to process in this state. TEX. R. CIV. P. 120a.   The plaintiff bears the initial burden of pleading sufficient

3

allegations to bring a nonresident within the provisions of the long-arm statute. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). The non-resident has the burden to negate all forms of personal jurisdiction claimed by the plaintiff. *Id.* at 793.

Whether a court can exercise jurisdiction over a nonresident is a question of law. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010). The exercise of personal jurisdiction requires the trial court to resolve any factual disputes before applying the jurisdictional formula. *Am. Type Culture Collection, Inc., v. Colema*n, 83 S.W.3d 801, 805–06 (Tex. 2002). On appeal, the appropriate standard of review for a trial court's order granting or denying a special appearance is de novo. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). Once all factual disputes are resolved, we examine de novo whether the facts negate all bases for personal jurisdiction. *Am. Type Culture Collection, Inc.*, 83 S.W.3d at 806. When the record includes both a clerk's record and a reporter's record, as in this case, implied findings may be challenged for legal and factual sufficiency. *BMC Software*, 83 S.W.3d at 795. If findings of fact are not requested or filed, this Court may assume that the trial court found all factual disputes favorable to its order. *See id.*

### III. ANALYSIS

**A. Waiver**

Mary Catherine first asserts that Curtis waived his special appearance by not filing it within the timeframe set forth in Texas Rule of Civil Procedure 99, which requires a party to file a written answer to the lawsuit on or before 10:00 a.m. on the Monday next after the

4

expiration of twenty days from service. TEX. R. CIV. P. 99(c). We note that Texas Rule of Civil Procedure 120a requires that a special appearance must be filed before a motion to transfer or any other plea is filed. Unlike rule 90, there is no specific deadline noted in rule 120a.

Waiver is the intentional relinquishment of a right actually known or intentional conduct inconsistent with claiming that right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). While it would be prudent to have filed the special appearance prior to the deadline set forth in rule 99(c), there was no evidence offered at trial suggesting that Curtis intended to waive his right to a special appearance. In fact, filing a special appearance and later filing an affidavit in support is consistent with a desire to pursue one's legal rights.

The case law is quite clear that special appearances may properly be granted even after a default judgment is granted. *See Xenos Yuen v. Fisher*, 227 S.W.3d 193, 196 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Lang v. Capital Resource Investments I, LLC.,* 102 S.W.3d 861 (Tex. App.—Dallas 2003, no pet.). A party who appears in a case is entitled to notice of the final hearing as a matter of due process. *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2001, pet. denied). No notice of the trial setting was given.

Mary Catherine cites *Seeley v. Seeley* in support of her position that Curtis waived his special appearance. 690 S.W.2d 626, 627–28 (Tex. App.—Austin 1985, no writ). *Seeley*, however, is very different from the facts that were before the trial court in this case. In *Seeley*, the trial court did not rule on the special appearance until the trial on the

5

merits concluded. *Id.* at 627. The appellant, in *Seeley*, allowed the case to go forward without first obtaining a ruling on the special appearance. Here, Curtis had no notice of the January 25, 2011 hearing, and did not participate in any way before the special appearance was heard. We agree with the trial court's implied finding that there was no waiver and, accordingly, overrule issue one.

## B. Personal Jurisdiction

The United States Constitution allows a state court to take personal jurisdiction over a defendant only if he has some minimum, purposeful contacts with the state, and the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 326 (Tex. 1998) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The testimony at the special appearance hearing was that Curtis and the children were living in California and had been residing in California. Curtis said that he briefly lived in Texas in 1992 while his wife was temporarily stationed in Texas. Mary Catherine testified that she sent child support back to California, but pleaded no jurisdictional facts with respect to Curtis. The evidence before the trial court was that Curtis lived in Texas for a short period of time almost twenty years ago, he did not transact business in Texas, and had no meaningful contacts in Texas. *See Mason v. Mason*, 321 S.W.3d 178, 183 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Mary Catherine unilaterally decided to move to Texas. This does not create the requisite minimum contacts necessary to exercise personal jurisdiction over Curtis. *See id.* at 184. We agree with the trial court's implied finding that there was no personal jurisdiction over Curtis, and the trial court did not err in granting Curtis's special

6

appearance.   We overrule issue two.

We note that the trial court's order kept the divorce in place, but set aside the decree with respect to the conservatorship and support of the children and the division of property.   Neither party objected to the granting of the divorce.   It is settled that "where the trial court in a divorce proceeding has no personal jurisdiction over the respondent, the trial court has the jurisdiction to grant the divorce, but not to determine the managing conservatorship of children or divide property outside the State of Texas." *Dawson-Austin*, 968 S.W.2d at 324; *see Mason*, 321 S.W.3d at 186.   Thus, we will not disturb the trial court's ruling with respect to the granting of the divorce.

## IV.  CONCLUSION

We affirm the judgment of the trial court.

ROSE VELA
Justice

Delivered and filed the
22nd day of September, 2011.