

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-20-00172-CV
_____

ACADIAN PROPERTIES OF AUSTIN, L.L.C.
AND BRANDON BADEAUX, APPELLANTS

V.

CAROLYN BLAKEY AND CBLAKEY INVESTMENTS L.L.C., APPELLEES

On Appeal from the 423rd District Court
Bastrop County, Texas
Trial Court No. 423-6655; Honorable Christopher D. Duggan, Presiding

May 25, 2021

MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

On July 12, 2019, Appellees, Carolyn Blakey and CBlakey Investments, L.L.C., (hereafter "Blakey") filed suit against Appellants, Acadian Properties of Austin, L.L.C., d/b/a Acadian Properties Austin, L.L.C., and Brandon Badeaux, for breach of contract and fraud. On November 7, 2019, the trial court entered a judgment in favor of Blakey

and against Acadian and Badeaux, jointly and severally, for $1,281,594.55, plus court costs and post-judgment interest. Just one day shy of six months later, on May 6, 2020, Acadian and Badeaux filed this restricted appeal.[1]

By three issues, Acadian and Badeaux maintain (1) the default judgment is void because the record does not show strict compliance with the rules governing issuance, service, and return of citation, (2) the default judgment is void because no affirmative showing exists that the person served was in fact the alleged company's agent for service of process, and (3) Blakey failed to properly plead and serve them in strict compliance with Rule 108 of the Texas Rules of Civil Procedure. They further maintain that error is apparent on the face of the record and it is reversible. We conclude Acadian and Badeaux were properly before the trial court when judgment was entered and affirm the judgment of the trial court.

**BACKGROUND**

According to Blakey's pleading, Acadian Properties *of* Austin, L.L.C., is a Louisiana limited liability company in the business of building homes in central Texas, with Brandon Badeaux as its registered agent in Texas. (Emphasis added).[2] Badeaux is Acadian's sole shareholder or majority owner. On April 14, 2015, Acadian entered into an

---

[1] Originally appealed to the Third Court of Appeals, sitting in Austin, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] Acadian and Badeaux complain that inclusion of the word "of" rendered service defective on Acadian Austin Properties, L.L.C. Not all discrepancies regarding the name of the party to be served, i.e., a misnomer, will invalidate service. *See N.C. Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 718 (Tex. App.—Austin 2003, pet. denied). Here, nothing about this misnomer causes us to question the adequacy of notice or the due process considerations of service of process.

agreement with Carolyn Blakey wherein she agreed to provide capital to fund certain construction projects.  Paragraph two of that agreement provides that on completion of each project, Acadian would receive the funds at closing and, within one day of receipt of those funds, would wire or deposit a check into Blakey's account for reimbursement of her capital contribution plus the agreed-on profit.  Badeaux signed the agreement as "Manager" for "Acadian Properties *of* Austin, LLC."

Over the next few years, Blakey provided funds in the sum of $1,008,407.85 for numerous home construction projects.  In 2018, Acadian sold those homes but did not reimburse Blakey the principal or agreed-on profit, leaving a balance due and owing of $1,139,765.90.  Discussions between Acadian and Blakey regarding the balance resulted in Blakey agreeing to be repaid from construction of six future homes.  As part of the new agreement, Acadian secured its obligation to Blakey by the execution of six deeds of trust covering the six new properties.  The deeds of trust named Blakey's company, CBlakey Investments, L.L.C., as the secured party in each instrument.

Unfortunately for Blakey, Acadian ceased construction on the new projects which left her unable to recover the amount owed to her.  Furthermore, she discovered that Badeaux had granted a third party a deed of trust on one of the properties with a first lien position.  Acadian's failure to comply with the terms of the agreement prompted Blakey to file suit for breach of contract and fraud.  Her original petition named "Acadian Properties *of* Austin, L.L.C., and Brandon Badeaux" as defendants.  (Emphasis added). Blakey's petition recited that service could be accomplished "through its registered agent, Brandon Badeaux, at 1254 Pine Forest Circle, Round Rock, Texas 78664, or 1302 Rue

3

Beauvais, Mandeville, Louisiana 70471." The petition also recited that Badeaux could be individually served at either of those addresses.

On July 16, 2019, citations were issued as to Badeaux, both individually and in his capacity as the registered agent of Acadian Properties of Austin, L.L.C. According to the *Officer's Return*, "Acadian Properties of Austin, LLC" was served through its registered agent, Brandon Badeaux, on September 16, 2019, at 5:41 p.m. at 212 Oleander Court, Mandeville, LA 70471.[3] Badeaux was also served individually that same date at 5:45 p.m., at the same address. Accordingly, their answers were due Monday, October 7, 2019. *See* TEX. R. CIV. P. 99. Without an answer having been filed by either defendant, on October 8, 2019, Blakey's counsel caused there to be filed a *Notice of Hearing* advising all parties that a hearing on Blakey's *Motion for Default Judgment* would be held on November 7, 2019, at 9:00 a.m., in the 423rd District Court of Bastrop County. The certificate of service filed with that notice indicated the notice was served on the defendants by regular and certified mail and by email at an email address from which the affiant had received email correspondence from Badeaux in the past.

On November 6, 2019, one day prior to the scheduled default judgment hearing, appearing *pro se,* Badeaux electronically filed a generic printed form entitled "Motion for Continuance and Notice of Hearing." In that motion, he alleged he did not receive "forty-five days' notice of this final hearing or trial" and he requested additional time to hire

---

[3] Service is not rendered invalid when a defendant is served at a different address than the one listed on the citation. *See Silver B & Laviolette*, *LLC v. GH Contr.*, *Inc.*, No. 03-10-00091-CV, 2010 Tex. App. LEXIS 8327, at *12-13 (Tex. App.—Austin Oct. 12, 2010, no pet.) (mem. op.).

4

counsel. In a blank space provided on the form for further explanation of the need for a continuance, he added the following:

> I wanted to work something out with their attorney and now he won't and it's down to the last minute and I live in Louisiana and cannot get there in time. I am meeting with attorney in Texas next week for help.

The trial court never took any action on this motion.

On November 7, 2019, a written answer still not having been filed by either defendant, as noted above, the trial court entered judgment in favor of Blakey and against the defendants, jointly and severally, for $1,281,594.55, plus court costs and post-judgment interest. It is from this judgment that Acadian and Badeaux have filed this restricted appeal.

### APPLICABLE LAW

A restricted appeal is a procedural device available to a party who did not participate either in person or through counsel in a proceeding that resulted in a judgment against the party to correct an erroneous judgment. *See* TEX. R. APP. P. 30; *Richardson-Wiggins v. AH4R Props. Two*, *L.L.C.*, No. 02-15-00158-CV, 2016 Tex. App. LEXIS 1467, at *2 (Tex. App.—Fort Worth Feb. 11, 2016, no pet.) (mem. op.). As such, it is considered a direct attack on a default judgment. *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.); *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex. App.—El Paso 2008, no pet.). A party may prevail in a restricted appeal only if the following conditions are satisfied: (1) he has filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

5

(4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam)).

### ANALYSIS

It is well settled that a no-answer default judgment cannot stand when the defendant is not served in strict compliance with the rules governing the issuance and service of process. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020). "Strict compliance" is construed "to mean just that." *Id.* There are no presumptions in favor of valid issuance, service, or return of citation. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).

Furthermore, strict compliance must affirmatively appear on the face of the record. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012); *Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). In a restricted appeal, the face of the record consists of the papers on file with the trial court when it rendered judgment, including the clerk's record and, if any, the reporter's record. *Norman Communs., Inc. v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Miles v. Peacock*, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Absent a personal appearance or proper service of process, a court lacks personal jurisdiction over a defendant and any default judgment is rendered void. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

By the issues raised in this proceeding, Acadian and Badeaux challenge the sufficiency of the service of process in this proceeding. In doing so, they are challenging the personal jurisdiction of the trial court's rendering judgment as to them. In response,

6

Blakey contends Badeaux's motion for continuance, filed one day before the hearing on her motion for default judgment, constitutes a general appearance, thereby waiving any potential defects in proper service. Based on the following rationale, we agree with Blakey and find that (1) Acadian, through its registered agent Badeaux and (2) Badeaux, individually, waived any defects regarding proper service by filing a motion for continuance that constituted a general appearance.

Personal jurisdiction is a waivable right. *Shen v. Chen Zhao Hua*, No. 05-17-00280-CV, 2018 Tex. App. LEXIS 2024, at *6 (Tex. App.—Dallas March 21, 2018, no pet.) (mem. op.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Even a non-resident defendant is subject to personal jurisdiction in Texas via a general appearance if he does not strictly comply with Rule 120a of the Texas Rules of Civil Procedure for entering a special appearance. *See Abramowitz v. Miller*, 649 S.W.2d 339, 342 (Tex. App.—Tyler 1983, no writ) (citing *Stewart v. Walton Enterprises, Inc.*, 496 S.W.2d 956, 959 (Tex. App.—Austin 1973, writ ref'd n.r.e.)).

A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, *or* (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). (Emphasis added). In other words, a party enters a general appearance by taking an action that "indicates a submission to the court's jurisdiction." *J.O. v. Tex. Dep't of Family & Protective Servs.*, 604 S.W.3d 182, 189 (Tex. App.—Austin 2020, no pet.). By consenting to the trial court's personal jurisdiction, the party dispenses with the need for the issuance

and service of citation. *Id.* (citing Rule 120 of the Texas Rules of Civil Procedure ("Entering Appearance") which provides that entering a general appearance has "the same force and effect as if the citation had been duly issued and served as provided by law").

A motion for continuance "may or may not constitute a general appearance" waiving a special appearance depending on the substance of the motion. *See Huffman v. Lonestar Transfer, LLC*, No. 05-20-00717-CV, 2021 Tex. App. LEXIS 3154, at *8-9 (Tex. App.—Dallas April 26, 2021, no pet. h.) (mem. op.) (citing *Branckaert v. Otou*, No. 01-08-00637-CV, 2011 Tex. App. LEXIS 6286 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.) (mem. op.)). In *Branckaert*, a suit to determine parentage and assess child support, the defendant filed a motion for continuance for time to conduct a paternity test. *Branckaert*, 2011 Tex. App. LEXIS 6286 at *7-8. The trial court found that the motion constituted a general appearance because the defendant's request for continuance had nothing to do with the court's jurisdiction and instead recognized a pending action and an intent to defend the case on the merits. *See id.* at *8. *See also Toler v. Travis County Child Welfare Unit*, 520 S.W.2d 834, 836-37 (Tex. App.—Austin 1975, writ ref'd n.r.e.) (finding that a motion for continuance constituted a general appearance). *But see Dawson-Austin v. Austin*, 968 S.W.2d 319, 323 (Tex. 1998) (holding that a motion for continuance filed subsequent to a special appearance did not constitute a general appearance).

Here, we note that Badeaux was served twice—once as Acadian's registered agent and once individually. Whether service was defective is immaterial because neither Acadian nor Badeaux entered a special appearance to challenge the trial court's

8

jurisdiction.  Badeaux acknowledged that a case was properly pending and merely requested additional time to find legal counsel to assist in defending the case.  The filing of the motion without the filing of a special appearance indicated a submission to the court's jurisdiction.  Accordingly, Acadian and Badeaux's three issues challenging the propriety of the trial court's default judgment are overruled.

**CONCLUSION**

The trial court's *Final Judgment* is affirmed.

Patrick A. Pirtle
Justice
