ACCEPTED
12-15-00047-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/21/2015 3:54:00 PM
Pam Estes
CLERK

No. 12-15-00047-CV

**IN THE COURT OF APPEALS**
**FOR THE TWELFTH JUDICIAL DISTRICT**
**TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/21/2015 3:54:00 PM
PAM ESTES
Clerk

**MARK J. HEALEY**
*APPELLANT*

**V.**

**EDWIN N. HEALEY**
*APPELLEE*

Appealed from the 3rd Judicial District Court
Henderson County, Texas
Cause No. 2014C-0638, the Honorable Mark Calhoon, Presiding

**APPELLEE'S BRIEF**

Jennifer L. Lovelace
Texas Bar No. 24051110
jlovelace@lovelacekillen.com
Koy R. Killen
Texas Bar No. 24032628
kkillen@lovelacekillen.com
104 South Main Street
Burleson, Texas 76028
Tel. (817) 447-0053
Fax. (817) 447-0052

**ATTORNEYS FOR APPELLEE**

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

| 1. | **Mark J. Healey** | **Appellant** |
|----|----|----|
| 2. | Mark J. Healey, Pro Se | Appellant's Trial Counsel |
| 3. | Steve Stark<br>Stark & Groom, LLP<br>110 East Corsicana Street<br>Athens, Texas 75751 | Appellant's Appellate Counsel |
| **4.** | **Edwin N. Healey** | **Appellee** |
| 5. | Koy R. Killen<br>Clinton W. Dennis<br>Lovelace Killen, P.L.L.C.<br>104 S. Main<br>Burleson, Texas 76028 | Appellee's Trial Counsel |
| 6. | Jennifer L. Lovelace<br>Koy R. Killen<br>Lovelace Killen, P.L.L.C.<br>104 S. Main<br>Burleson, Texas 76028 | Appellee's Appellate Counsel |

# TABLE OF CONTENTS

**PAGE(S)**

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS .............................................................................iii-vi

INDEX OF AUTHORITIES.......................................................................... vii-x

STATEMENT OF THE CASE........................................................................ xi

ISSUES PRESENTED.............................................................................xii-xiii

    1.    When a defendant files a special appearance, he must strictly comply with Texas Rule of Civil Procedure 120a, which requires him to file a sworn motion and adhere to the due order of hearings ...................... xii

        A.    When a party does not answer subject to his special appearance and never sets his special appearance for hearing, the trial court does not err in granting a default judgment against him, especially if the specially appearing defendant requested other relief from the trial court........................................................ xii

        B.    Even if a specially appearing defendant sets his special appearance for hearing, which did not occur in this case, an insufficient jurat does not strictly comply with Rule 120a's requirement that the motion be sworn ..................................... xii

        C.    A specially appearing defendant does not preserve his complaint for appeal if he does not first secure a ruling from the trial court ............................................................................... xii

    2.    When a defendant has not answered or appeared, he is not entitled to notice that the plaintiff filed a motion for default judgment. When damages are liquidated, a hearing is not required before the court rules on the motion for default judgment. A non-answering defendant who appears in a lawsuit after the plaintiff filed a motion for default judgment on liquidated damages is not entitled to notice related to the default judgment....................................................................... xii

3. When a special appearance does not strictly comply with Rule 120a's requirements, it constitutes a general appearance. A general appearance is not sufficient on its own to avoid default judgment and requires an answer. A default judgment is proper against a specially appearing defendant who does not strictly comply with Rule 120a's requirements, did not file a timely answer, and failed to file an answer before the rendition of the default judgment ..................................... xii

4. If a defendant files a motion for new trial after a default judgment is taken against him, it is his burden to show, among other things, that his failure to answer was not intentional or the result of conscious indifference. If mistake of the law can constitute conscious indifference, and the record shows that the attorney-defendant knew that his answer was past due but deliberately did not file it, the defendant does not meet his burden to show that his failure to answer was not the result of conscious indifference .................................xii-xiii

5. A trial court has wide discretion in severing a claim from a lawsuit ............................................................................................... xiii

   A. An appellate court should not reverse and remand a trial court's ruling on a severance once the severed and original claims have reached final judgment, rendering the issue moot .................. xiii

   B. An appellant has not preserved error on the issue of severance if he did not complain about the severance to the trial court ......xiv

   C. Because a trial court can sever claims of indivisible injury between multiple defendants, an appellate court should not reverse and remand a trial court's ruling on severance if the appellant has not shown that the trial court's severance was reasonably calculated to cause and probably did cause the rendition of an improper judgment ......................................... xiii

INTRODUCTION ........................................................................................ 1-2

STATEMENT OF FACTS ............................................................................ 2-3

SUMMARY OF THE ARGUMENT ............................................................ 3-5

ARGUMENT AND AUTHORITY ............................................................................5

I.    STANDARDS OF REVIEW AND BURDENS OF PROOF ............................................5

    A.    SPECIAL APPEARANCE......................................................................5

    B.    DEFAULT JUDGMENT ........................................................................6

    C.    MOTION FOR NEW TRIAL..................................................................6

    D.    SEVERANCE .....................................................................................7

II.    THE TRIAL COURT DID NOT ERR IN RULING ON THE DEFAULT JUDGMENT BEFORE THE SPECIAL APPEARANCE..................................................................7

    A.    MARK'S FAILURE TO ENSURE THE DUE ORDER OF HEARINGS WAIVED HIS SPECIAL APPEARANCE ............................................... 7-10

    B.    MARK'S SPECIAL APPEARANCE WAS INVALID.............................. 10-11

    C.    MARK'S COMPLAINTS ABOUT THE SPECIAL APPEARANCE ARE NOT PRESERVED FOR APPEAL BECAUSE THE TRIAL COURT DID NOT RULE ON IT ...................................................................................... 11-13

III.    THE TRIAL COURT PROPERLY RENDERED DEFAULT JUDGMENT ....................13

    A.    BECAUSE OF THE TIMING OF THE FILINGS, MARK WAS NOT ENTITLED TO NOTICE OF THE DEFAULT JUDGMENT........................................ 13-15

    B.    THE DEFAULT JUDGMENT WAS PROPER BECAUSE MARK'S IMPROPERLY FILED SPECIAL APPEARANCE WAS AT MOST A GENERAL APPEARANCE WITHOUT AN ANSWER................................................................. 15-17

IV.    MARK DID NOT PRESENT THE TRIAL COURT WITH COMPETENT EVIDENCE TO SUPPORT HIS MOTION FOR NEW TRIAL................................................ 17-20

V.    THE TRIAL COURT DID NOT ABUSE ITS DISCRETION OR OTHERWISE COMMIT HARMFUL ERROR IN SEVERING THE DEFAULT JUDGMENT.............................20

A. THE TRIAL COURT HAS WIDE DISCRETION IN SEVERING A CLAIM .................................................................................................... 20-21

B. THIS COURT SHOULD NOT REVERSE AND REMAND THE ORDER OF SEVERANCE BECAUSE IT BECAME MOOT WITH THE FINAL JUDGMENT IN THE ORIGINAL MATTER .......................................................... 21-22

C. MARK DID NOT PRESERVE ERROR BY TIMELY OBJECTING TO THE SEVERANCE ................................................................................. 22-23

D. THE TRIAL COURT DID NOT ERR IN SEVERING THE DEFAULT JUDGMENT, BUT IF IT DID, SUCH ERROR IS HARMLESS ................. 23-25

CONCLUSION AND PRAYER ...................................................... 25-26

CERTIFICATE OF SERVICE ........................................................... 27

CERTIFICATE OF COMPLIANCE ................................................... 27

# INDEX OF AUTHORITIES

**CASES**                                                                              **PAGE(S)**

*Abramowitz v. Miller,*
    649 S.W.2d 339 (Tex. App.—Tyler 1983, no writ) ...............................10, 15

*Bank One, Tex., N.A. v. Moody,*
    830 S.W.2d 81(Tex. 1992) ......................................................................6

*BMC Software Belgium, N.V. v. Marchand,*
    83 S.W.3d 789 (Tex. 2002) (factual findings for legal and factual sufficiency
    and legal conclusions de novo)...................................................................5

*Boyd v. Kobierowski,*
    283 S.W.3d 19 (Tex. App.—San Antonio 2009, no pet.) ............................16

*Bruneio v. Bruneio,*
    890 S.W.2d 150 (Tex. App.—Corpus Christi 1994, no writ) .......................8

*Butler v. Butler,*
    577 S.W.2d 501(Tex. Civ. App.—Texarkana 1978)....................................16

*Cappadonna Elec. Mgmt. v. Cameron County,*
    180 S.W.3d 364 (Tex. App.—Corpus Christi 2005, no pet.).......................21

*Casino Magic Corp. v. King,*
    43 S.W.3d 14 (Tex. App.—Dallas 2001, pet. denied) ..................................10

*Continental Carbon Co. v. Sea-Land Serv.,*
    27 S.W.3d 184 (Tex. App.—Dallas 2000, pet. denied) ...............................13

*Craddock v. Sunshine Bus Lines, Inc.*
    133 S.W.2d 124 (1939)...............................................................................6, 17

*Director, State Employees Workers' Compensation Div. v. Evans,*
    889 S.W.2d 266 (Tex. 1994) ...........................................................6, 17, 18

*Dodd v. Savino,*
    426 S.W.3d 275 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ..............18

*Dolgencorp v. Lerma,*
   288 S.W.3d 922 (Tex. 2009) .........................................................................13

*Exito Elecs. Co. v. Trejo,*
   142 S.W.3d 302 (Tex. 2004) (per curiam) (waiver of jurisdiction reviewed
   de novo) ..........................................................................................5, 15

*Fid. & Guar. Ins. co. v. Drewery Const. Co.,*
   186 S.W. 3d 571 Tex. 2006) (per curiam)....................................................18

*Ford Motor Co. v. Nowak,*
   638 S.W.2d 582 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.) ..........12

*Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield,*
   71 S.W.3d 351 (Tex. App.—Tyler 2001, pet. denied) ...................................6

*Global Paragon Dallas, LLC v. SMB Realty, LLC,*
   448 S.W.3d 607 (Tex. App.—Houston [14th Dist.] 2014, no pet.) .................8

*Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co.,*
   793 S.W. 2d 652 (Tex. 1990) ........................................................................7

*Johnson v. Edmonds,*
   712 S.W.2d 651 (Tex. App.—Fort Worth 1986, no writ)..............................18

*Kawasaki Steel Corp. v. Middleton,*
   699 S.W.2d 199 (Tex. 1985) ..........................................................................5

*Kelly v. Gen. Interior Const., Inc.,*
   301 S.W.3d 653 (Tex. 2010) ........................................................................11

*Landry v. Daigrepont,*
   35 S.W.3d 265 (Tex. App.—Corpus Christi 2000, no pet.)............................9

*LBL Oil Co. v. International Power Servs.,*
   777 S.W.2d 390 (Tex. 1989) ........................................................................13

*Levine v. Shackelford, Melton & McKinley, L.L.P.,*
   248 S.W.3d 166 (Tex. 2008) (per curiam) ...................................................18

*Liberty Mut. Fire Ins. Co. v. Ybarra,*
 751 S.W.2d 615 (Tex. App.—El Paso 1988, no writ) ............................. 17, 18

*Long v. McDermott,*
 813 S.W.2d 622 (Tex. App.—Houston [1st Dist..] 1991, no writ) ............... 13

*McGuire v. Commercial Union Ins. Co.,*
 431 S.W.2d 347 (Tex. 1968) ........................................................................ 20

*McKanna v. Edgar,*
 388 S.W.2d 927 (Tex. 1965) .......................................................................... 6

*Morgan v. Compugraphic Corp.,*
 675 S.W.2d 729 (Tex. 1984) ..................................................................... 7, 23

*Novosad v. Brian K. Cunningham, P.C.,*
 38 S.W.3d 767 (Tex. App.—Houston [14th Dist.] 2001, no pet) ...... 13, 14, 18

*Pierce v. Reynolds,*
 329 S.W.2d 76 (Tex. 1959) .......................................................................... 22

*Prosperous Mar. Corp. v. Farwah,*
 189 S.W.3d 389 (Tex. App.—Beaumont 2006, no pet.) ............................. 10

*Puri v. Mansulkhani,*
 973 S.W.2d 701 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ................. 9

*Sabine Offshore Serv. v. City of Port Arthur,*
 595 S.W.2d 840, 841 (Tex. 1979) ............................................................... 22

*Saxer v. Nash Phillips-Copus Co. Real Estate,*
 678 S.W.2d 736 (Tex. App.—Tyler 1984, writ ref'd n.r.e.) ................... 20, 21

*Seeley v. Seeley,*
 690 S.W.2d 626 (Tex. App.—Austin 1985, no writ) ................................... 15

*Smith v. Sanderson,*
 12-03-00137-CV, 2004 WL 2422257, at *3 (Tex. App.—Tyler Oct. 29,
 2004, no pet.) .............................................................................................. 21

*Steve Tyrell Prods., Inc. v. Ray,*
    674 S.W.2d 430 (Tex. App.—Austin 1984, no writ) ................................8, 12

*Von Briesen, Burtell & Roper v. French,*
    78 S.W.3d 570 (Tex. App.—Amarillo 2002, pet. denied) ...........................15

*Webb v. Oberkampf Supply of Lubbock, Inc.,*
    831 S.W.2d 61 (Tex. App.—Amarillo 1992, no pet.)....................................6

*Williams v. Williams,*
    537 S.W.2d 107 (Tex. Civ. App.—Tyler 1976, no writ) .........................9, 11

*Womack v. Berry,*
    291 S.W.2d 677 (Tex. 1956) .............................................................7

## RULES

TEX. R. CIV. P. 41 .............................................................................20

TEX. R. CIV. P. 120a .......................................................................9, 15

TEX. R. CIV. P. 120a(1)......................................................................10

TEX. R. CIV. P. 120a(2).......................................................................7

TEX. R. CIV. P. 239 ...........................................................................13

TEX. R. CIV. P. 241 ...........................................................................14

## STATEMENT OF THE CASE (RESTATED)

*Nature of the Case* — Appellee Edwin N. Healey ("Bud") filed suit against his three sons, including Appellant Mark Healey ("Mark"), for improperly holding $186,620.99 of his funds (C.R. 321-29)[1]. Mark alleges that the trial court improperly granted a default judgment against him and complains of other alleged procedural defects. Thus, the substantive issues involved in Bud's lawsuit are not before this Court.

*Course of Proceedings And Trial Court's Disposition* — Bud's suit originated in Tarrant County but that trial court transferred the case to Henderson County (C.R. 9).

Bud served Mark with citation and the First Amended Petition on November 21, 2013 (C.R. 374). Mark's deadline to answer was December 16, 2013 (C.R. 374, 386). As of November 11, 2014, Mark, an attorney, had not answered the lawsuit and Bud filed his Motion for Default Judgment (C.R. 374-78; R.R. 11:10-12).

On November 20, 2014, Mark filed a special appearance (C.R. 384-85). Mark did not file an answer subject to his special appearance. *See id.* Mark failed to set his special appearance for hearing or otherwise timely call it to the trial court's attention (C.R. 390-95; R.R.6:23-25; 10:16-19).

On November 25, 2014, the trial court entered a default judgment against Mark (C.R. 386-87). Mark filed a motion for new trial on December 16, 2014 (C.R. 390-95). Later, on December 18, 2014, Mark finally answered the lawsuit (C.R. 396-99). On January 22, 2015, the trial court heard, considered, and denied Mark's motion for new trial (R.R. 1:20; 21:25-22:2). On January 27, 2015, the trial court severed the judgment against Mark, allowing it to become final (the "severed matter") (C.R. 434-35). On June 9, 2015, the un-severed portion of the original case went to a jury trial and final judgment was entered against the other two defendants (the "original matter") (*See* Appx. 1).

---

[1] References to the Clerk's Record will be designated (C.R. __) with the page number from the Clerk's Record appearing in the blank. References to the Reporter's Record will be designated (R.R. __:__), with the page number appearing in the first blank and line number appearing in the second. All references to the Reporter's Record are to the Motion for New Trial Transcript unless otherwise noted.

## ISSUES PRESENTED (RESTATED)

1. When a defendant files a special appearance, he must strictly comply with Texas Rule of Civil Procedure 120a, which requires him to file a sworn motion and adhere to the due order of hearings.

   A. When a party does not answer subject to his special appearance and never sets his special appearance for hearing, the trial court does not err in granting a default judgment against him, especially if the specially appearing defendant requested other relief from the trial court.

   B. Even if a specially appearing defendant sets his special appearance for hearing, which did not occur in this case, an insufficient jurat does not strictly comply with Rule 120a's requirement that the motion be sworn.

   C. A specially appearing defendant does not preserve his complaint for appeal if he does not first secure a ruling from the trial court.

2. When a defendant has not answered or appeared, he is not entitled to notice that the plaintiff filed a motion for default judgment. When damages are liquidated, a hearing is not required before the court rules on the motion for default judgment. A non-answering defendant who appears in a lawsuit after the plaintiff filed a motion for default judgment on liquidated damages is not entitled to notice related to the default judgment.

3. When a special appearance does not strictly comply with Rule 120a's requirements, it constitutes a general appearance. A general appearance is not sufficient on its own to avoid default judgment and requires an answer. A default judgment is proper against a specially appearing defendant who does not strictly comply with Rule 120a's requirements, did not file a timely answer, and failed to file an answer before the rendition of the default judgment.

4. If a defendant files a motion for new trial after a default judgment is taken against him, it is his burden to show, among other things, that his failure to answer was not intentional or the result of conscious indifference. If mistake of the law can constitute conscious

indifference, and the record shows that the attorney-defendant knew that his answer was past due but deliberately did not file it, the defendant does not meet his burden to show that his failure to answer was not the result of conscious indifference.

5. A trial court has wide discretion in severing a claim from a lawsuit.

    A. An appellate court should not reverse and remand a trial court's ruling on a severance once the severed and original claims have reached final judgment, rendering the issue moot.

    B. An appellant has not preserved error on the issue of severance if he did not complain about the severance to the trial court.

    C. Because a trial court can sever claims of indivisible injury between multiple defendants, an appellate court should not reverse and remand a trial court's ruling on severance if the appellant has not shown that the trial court's severance was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

## INTRODUCTION

Appellant Mark Healey ("Mark") appeals a default judgment that the trial court granted against him, which was later severed from the original lawsuit that Appellee Edwin N. Healey ("Bud") also filed against other defendants. Contrary to Mark's arguments on appeal, the trial court did not err in granting and severing the default judgment about which Mark complains. To the contrary, it was because of Mark's own failings that the trial court granted and severed the default judgment.

Despite his knowledge that his answer was past due by almost a year, Mark, who is an attorney, failed to answer the lawsuit until almost a month <u>after</u> default judgment was entered against him. Although Mark filed a special appearance, he did so without an answer subject thereto, failed to set it for hearing, seek a ruling on it, or timely bring it to the trial court's attention. Mark's special appearance was not properly sworn to, and he did not complain about the severance until after it became moot by final judgments entered in both the severed and original lawsuits. Mark wholly failed to meet his burden to show the trial court that it should have granted a new trial because his failure to answer the lawsuit was not the result of intent or conscious indifference. Finally, Mark did not preserve error for the appeal by securing a ruling on his special appearance and timely objecting to the severance. Accordingly, this Court must affirm the trial court's default

judgment and severance order.

## STATEMENT OF THE FACTS

Appellant Mark Healey ("Mark") appeals a default judgment granted against him. Thus, the facts relevant to this appeal are procedural rather than substantive and the pertinent facts mirror those described in the Course of Proceedings and Trial Court's Disposition, but will be restated here for the Court's convenience.

Appellee Edwin N. Healey ("Bud") filed suit against his three sons, including Appellant Mark, for improperly holding $186,620.99 of his funds (C.R. 321-29). Bud's suit originated in Tarrant County, but that trial court transferred the case to Henderson County (C.R. 9).

Bud served Mark with citation and the First Amended Petition on November 21, 2013 (C.R. 374). Mark's deadline to answer was December 16, 2013 (C.R. 374, 386). As of November 11, 2014, Mark, an attorney, had not answered the lawsuit and Bud filed his Motion for Default Judgment (C.R. 374-78; R.R. 11:10-12).

On November 20, 2014, Mark filed a special appearance (C.R. 384-85). Mark did not answer subject to his special appearance. *See id.* Mark did not set his special appearance for hearing or otherwise timely call it to the trial court's attention (C.R. 390-95; R.R.6:23-25; 10:16-19).

2

On November 25, 2014, the trial court entered a default judgment against Mark (C.R. 386-87). Mark filed a motion for new trial on December 16, 2014 (C.R. 390-95). Later, on December 18, 2014, Mark finally answered the lawsuit (C.R. 396-99). On January 22, 2015, the trial court heard, considered, and denied Mark's motion for new trial (R.R. 1:20; 21:25-22:2). On January 27, 2015, the trial court severed the judgment against Mark, allowing it to become final (the "severed matter") (C.R. 434-35). On June 9, 2015, the un-severed portion of the original case went to a jury trial and final judgment was entered against the other two defendants (the "original matter") (*See* Appx. 1).

## SUMMARY OF THE ARGUMENT

Mark cannot succeed on his appeal because he has misstated the law in an attempt to justify his own failures in this matter.

Instead of answering, Mark filed an improperly sworn special appearance well past his deadline for answering, and only after Bud filed a Motion for Default Judgment. Mark failed to set his special appearance for hearing, request a ruling, or otherwise bring it to the trial court's attention. Additionally, Mark did not properly swear to his special appearance; thus, even if he had sought a ruling, as was his burden to do, the trial court should have and would have denied it as a matter of law. Mark's failures with respect to his special appearance waived it and caused it to be, at most, a general appearance. A general appearance is not enough

3

to prevent rendition of a default judgment once the time for answering has passed; the defendant must still file an answer.

Because Mark had not appeared in the lawsuit when Bud filed the Motion for Default Judgment, Bud was not required to serve Mark with notice of it. Thereafter, because damages were liquidated, which is a finding that Mark has not challenged on appeal, the trial court was not required to conduct a hearing before granting the default judgment. Thus, neither Bud nor the trial court was required to serve Mark with any type of notice before entering the default judgment.

The trial court then severed Bud's claims against Mark, making the default judgment final. The trial court has wide discretion in severing claims. Mark did not appeal the severance of the default judgment against him until long after the trial court conducted a jury trial and entered a final judgment against the remaining defendants in the original action, who have not appealed. Thus, Mark's appeal on the issue of severance is now moot. Regardless, even if the issue of severance was not moot, the trial court did not err in severing the default judgment against Mark, and he has not demonstrated any harmful error to him caused by the severance.

Mark also complains that the trial court should have granted his Motion for New Trial. Trial courts have broad discretion in granting new trials after default judgment. It was Mark's burden to present evidence of the required elements, and he wholly failed to do so, particularly with respect to his burden to show that his

4

failure to answer was not intentional or the result of conscious indifference.

Finally, Mark did not properly preserve error because he cannot complain to this Court about the special appearance on which he did not secure a trial court ruling, and he has further waived any complaint about the severance that he failed to object to at the trial court level.

## ARGUMENT AND AUTHORITY

### I.      STANDARDS OF REVIEW AND BURDENS OF PROOF

#### A.      SPECIAL APPEARANCE

The standard of review for a special appearance contemplates that the non-resident defendant set and the trial court ruled on the special appearance. Generally, the appellate issue is whether the nonresident defendant met his burden to negate all alleged grounds for personal jurisdiction. *See Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex. 1985). The appellate court should ordinarily review the trial court's factual findings for legal and factual sufficiency, legal conclusions de novo, and waiver of personal jurisdiction de novo. *See BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002) (factual findings for legal and factual sufficiency and legal conclusions de novo); *Exito Elecs. Co. v. Trejo,* 142 S.W.3d 302, 304–05 (Tex. 2004) (per curiam) (waiver of jurisdiction reviewed de novo).

## B. DEFAULT JUDGMENT

In a direct attack on a default judgment, the question is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. *See McKanna v. Edgar,* 388 S.W.2d 927, 928 (Tex.1965); *Webb v. Oberkampf Supply of Lubbock, Inc.,* 831 S.W.2d 61, 64 (Tex. App.—Amarillo 1992, no pet.).

## C. MOTION FOR NEW TRIAL

A trial court's decision to deny a motion for new trial is reviewed for abuse of discretion. *See Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield*, 71 S.W.3d 351, 356 (Tex. App.—Tyler 2001, pet. denied). A trial court abuses its discretion in failing to grant a motion for new trial following a default judgment when the defaulting defendant satisfies all three elements established in *Craddock v. Sunshine Bus Lines, Inc.*: (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided (2) the motion for a new trial sets up a meritorious defense; and (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. 133 S.W.2d 124 (Tex. 1939). *See Evans*, 889 S.W.2d at 268; *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 82, 83, 85 (Tex. 1992).

6

**D.    SEVERANCE**

A trial court has broad discretion in the matter of severance of causes and the trial court's action thereon will not be disturbed on appeal except for an abuse of discretion. *See Womack v. Berry,* 291 S.W.2d 677 (Tex. 1956); *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984). The appellate court may not reverse an order granting a severance unless the trial court abused its discretion. *See Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co.,* 793 S.W.2d 652, 658 (Tex. 1990).

**II.    THE TRIAL COURT DID NOT ERR IN RULING ON THE DEFAULT JUDGMENT BEFORE THE SPECIAL APPEARANCE**

**A.    MARK'S FAILURE TO ENSURE THE DUE ORDER OF HEARINGS WAIVED HIS SPECIAL APPEARANCE**

Mark attempts to support his first three issues by arguing that the trial court erred in not ruling on his special appearance motion before signing the default judgment. It is true that Rule 120a states "[a]ny motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." TEX. R. CIV. P. 120a(2).

The problem with this appellate point, however, is that Mark incorrectly argues that it is the trial court's responsibility to set a hearing and rule on the special appearance before any other motions. Instead, it is the burden of the

specially appearing defendant to ask for and secure a hearing on his special appearance. *See Bruneio v. Bruneio,* 890 S.W.2d 150, 154 (Tex. App.—Corpus Christi 1994, no writ). The specially appearing defendant has more than just a due order of pleading requirement: he has a due order of hearing requirement. *See Global Paragon Dallas, LLC v. SMB Realty, LLC,* 448 S.W.3d 607, 611 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Even if a specially appearing defendant sets his special appearance for hearing, which Mark did not, he does not preserve error if the record does not reflect that he called it to the trial court's attention or ensured that the hearing took place in accordance with Rule 120a. *See Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 436-37 (Tex. App.—Austin 1984, no writ). Simply stated, a defendant waives his special appearance if he does not secure a timely hearing on it before anything else. *See Bruneio,* 890 S.W.2d at 154.

In *Ray,* the defendants arguably requested a hearing with their special appearance. *See Ray,* 674 S.W.2d 436-37. The record did not reflect, however, that they called the request to the trial court's attention or had a special appearance hearing. *See id.* Instead, the record reflected that after they made their special appearance the defendants requested, obtained, and participated in a hearing on a motion for new trial, as Mark did in this case. *See id.* at 437. The appellate court in *Ray* held that appellants waived their special appearance by not timely pressing

8

for a hearing. *See id.  See also Williams v. Williams,* 537 S.W.2d 107, 108-09 (Tex. Civ. App.—Tyler 1976, no writ).

If a nonresident defendant discovers that a default judgment was rendered before his deadline for filing a motion for new trial, the nonresident defendant can preserve the due order of pleading while challenging the default judgment by filing the following documents in order: (1) a special appearance; (2) a motion for new trial; and (3) an answer. *See* TEX. R. CIV. P. 120a; *Puri v. Mansukhani,* 973 S.W.2d 701, 706-07 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  However, the defendant still must obtain a ruling on the special appearance before a ruling on any other motion:

> We hold that [defendant] waived his special appearance and made a general appearance by presenting argument on the motion for new trial at the hearing before his special appearance was determined. He also made a general appearance by approving the order granting the new trial. The trial court therefore erred by granting the special appearance.

*Landry v. Daigrepont,* 35 S.W.3d 265, 267 (Tex. App.—Corpus Christi 2000, no pet.).

Here, unlike the *Ray* defendants, Mark never set his special appearance for hearing.  As he admits, he filed his special appearance five days before the trial court granted the default judgment (C.R. 384-87).  Nothing prevented him from setting the special appearance for hearing or otherwise timely calling it to the trial court's attention.  And here, like the *Ray* defendants, Mark requested, obtained and

9

participated in a hearing on his motion for new trial (C.R. 390-95; R.R. 1-23). By doing so, Mark waived his special appearance.

In short, Mark bases his first three issues on an entirely incorrect legal argument. It was not the trial court's error, but Mark's own inaction that resulted in the trial court not ruling on the special appearance. As such, Mark cannot succeed on his first three appellate points for which he relies on this argument. This Court must affirm the trial court's judgment on these points.

### B.     MARK'S SPECIAL APPEARANCE WAS INVALID

In addition to the fact that Mark waived his special appearance, it was invalid and should not have granted it even if he had set it for hearing.

A special appearance must be made by sworn motion. TEX. R. CIV. P. 120a(1). As stated by Mark in his brief, Rule 120a requires strict compliance. *See Abramowitz v. Miller,* 649 S.W.2d 339, 342 (Tex. App.—Tyler 1983, no writ). A trial court does not err in denying a nonresident's special appearance when he does not strictly comply with Rule 120a's requirements. *See Casino Magic Corp. v. King,* 43 S.W.3d 14, 18 (Tex.App.—Dallas 2001, pet. denied); *Prosperous Mar. Corp. v. Farwah*, 189 S.W.3d 389, 392 (Tex. App.—Beaumont 2006, no pet.). If the special appearance motion is not verified, and no sworn proof attests to the truth of the statements in the motion, the court should deny the motion. *See Casino Magic,* 43 S.W.3d at 18. In *Farwah*, the specially appearing defendants attached

10

affidavits that verified their own facts, but not those in the special appearance. *See Farwah,* 189 S.W.3d at 392. The affidavits did not recite that the allegations contained in the special appearance were true and correct. *See id.* The trial court did not err in denying the unsworn special appearance. *See id.* at 393. Moreover, because Bud properly pleaded jurisdiction facts in his petition, it was Mark's burden to negate all grounds for personal jurisdiction alleged in the plaintiff's petition (C.R. 32-29). *See Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).

Here, Mark's special appearance contains a jurat, but does not contain any statement that the allegations contained in the special appearance are true and correct (C.R. 384-85). Moreover, Mark's special appearance only contains minimal legal conclusions that merely recite the elements of a special appearance and are not sufficient to meet the pleading and proof required of a special appearance (C.R. 384-85).

Accordingly, the trial court should have denied Mark's special appearance even if he had set it for hearing, which he failed to do.

### C. MARK'S COMPLAINTS ABOUT THE SPECIAL APPEARANCE ARE NOT PRESERVED FOR APPEAL BECAUSE THE TRIAL COURT DID NOT RULE ON IT

Points of error not raised in or acted on by the trial court furnish no basis for a point of error. *See Williams v. Williams,* 537 S.W.2d 107, 108-09 (Tex. Civ.

App.—Tyler 1976, no writ); *Steve Tyrell Productions, Inc. v. Ray,* 674 S.W.2d 430, 437 (Tex. App.—Austin 1984, no writ); *Ford Motor Co. v. Nowak,* 638 S.W.2d 582 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.) (appellate court overruled appellant's complaint that the trial court did not allow a jury view because trial court did not rule on either request therefore). To raise a question in an appellate court, the general rule is that the record must not only show that the appellant requested relief in the trial court but that the trial court made an adverse ruling thereon. *See Williams,* 537 S.W.2d at 109.

In *Williams,* the appellant complained that the trial court only ordered the opposing party to submit an inventory, instead of an inventory and appraisement, as requested. *See id.* The appellant filed a second motion requesting the court to order a new inventory and appraisal but the trial court did not rule on the second motion. *See id.* Accordingly, the Tyler Court of Appeals overruled the appellant's complaint. *See id.* Similarly in *Ray,* the record did not show that the trial court ruled on the appellants' special appearance. *See Ray,* 674 S.W.2d at 437. The appellate court held that the ruling on appellants' motion for new trial did not constitute a ruling on their special appearance; thus, error was not preserved and the appellate court overruled appellants' point of error. *See id.*

The situation here is similar to that in *Ray.* Mark filed but failed to secure a ruling on a special appearance (C.R. 384-85; R.R. 6:23-25; 14:2-5). Without a

12

ruling, no error is preserved to complain about the court's disposition of the special appearance. Accordingly, Mark's point fails and this Court must overrule his appeal on this point.

### III. THE TRIAL COURT PROPERLY RENDERED DEFAULT JUDGMENT

#### A. BECAUSE OF THE TIMING OF THE FILINGS, MARK WAS NOT ENTITLED TO NOTICE OF THE DEFAULT JUDGMENT

A trial court may render a default judgment on the pleadings against a defendant who has not filed an answer. TEX. R. CIV. P. 239. When a defendant does not file an answer, all allegations of fact in the plaintiff's petition except unliquidated damages are deemed admitted. *See Dolgencorp v. Lerma,* 288 S.W.3d 922, 930 (Tex. 2009).

If the defendant appeared in the case but did not file an answer, the plaintiff must give the defendant notice before the court can render the default judgment. *See LBL Oil Co. v. International Power Servs.,* 777 S.W.2d 390, 390-91 (Tex. 1989). But if the defendant did not answer or appear, the plaintiff is not required to give the defendant notice before the court renders default judgment. *See Long v. McDermott,* 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Novosad v. Brian K. Cunningham, P.C.,* 38 S.W.3d 767, 772-73 (Tex. App.—Houston [14th Dist.] 2001, no pet.). The defendant received all the notice to which he was entitled when he was served with process. *See Continental Carbon Co. v. Sea-Land Serv.,* 27 S.W.3d 184, 189 (Tex. App.—Dallas 2000, pet. denied). And

13

when damages are liquidated, a hearing is not necessary on the motion for default judgment. *See* TEX. R. CIV. P. 241; *Novosad,* 38 S.W.3d at 773.

Here, Bud served Mark with citation and the First Amended Petition on November 21, 2013 (C.R. 374). Mark's deadline to answer was December 16, 2013 (C.R. 374, 386). As of November 11, 2014, Mark, an attorney, had not answered the lawsuit and Bud filed his Motion for Default Judgment (C.R. 374-78; R.R. 11:10-12). On November 20, 2014, Mark filed a special appearance (C.R. 384-85). Mark did not answer subject to his special appearance. *See id.*

Thus, Bud had filed his Motion for Default Judgment before Mark appeared in the suit. Bud was not required to serve Mark with notice of the Motion for Default Judgment because Mark had not appeared in the suit when Bud filed it. Nothing requires Bud or the trial court to review their files and serve Mark with a previously filed Motion for Default Judgment (or any other previously filed document).

Additionally, Mark's argument that he was entitled to notice of a "trial setting" is without merit. Damages were liquidated, a trial court finding that Mark has not challenged on appeal; therefore the trial court properly granted the default judgment without a hearing (C.R. 386). *See* TEX. R. CIV. P. 241; *Novosad,* 38 S.W.3d at 773. Thus, there was no "trial setting" of which to serve Mark with notice.

14

Mark's arguments as to this point are improper and should be overruled, and trial court's default judgment must be affirmed.

## B. THE DEFAULT JUDGMENT WAS PROPER BECAUSE MARK'S IMPROPERLY FILED SPECIAL APPEARANCE WAS AT MOST A GENERAL APPEARANCE WITHOUT AN ANSWER

A defendant waives his objection to personal jurisdiction if he makes a general appearance. *See Von Briesen, Burtell & Roper v. French,* 78 S.W.3d 570, 575 (Tex. App.—Amarillo 2002, pet. denied). Every appearance before judgment that does not comply with Rule 120a is a general appearance. *See* TEX. R. CIV. P. 120a; *Exito Elecs. v. Trejo,* 142 S.W.3d 302, 304 (Tex. 2004). A party makes a general appearance when he (1) invokes the trial court's judgment on any question other than the court's jurisdiction; (2) recognizes by his acts that an action is properly pending; or (3) seeks affirmative action from the court. *See Exito Elecs.,* 142 S.W.3d at 304. Additionally, an individual who challenges the court's jurisdiction by filing a special appearance must follow strictly the provisions of Rule 120a to avoid making a general appearance. *See Abramowitz v. Miller,* 649 S.W.2d 339, 342 (Tex. App.—Tyler 1983, no writ); *Seeley v. Seeley*, 690 S.W.2d 626, 627-28 (Tex. App.—Austin 1985, no writ).

An insufficient special appearance that constitutes a general appearance requires an answer to avoid a default judgment after the deadline for answering:

> The fact that appellant turned his special appearance into a general appearance in this case does not afford appellant additional time

15

within which to file an answer. Appellant could have filed his answer along with his sworn special appearance motion under Rule 120a … and have forestalled the default judgment which was taken by appellee. Since the court had jurisdiction … the trial court was authorized to immediately proceed to judgment because no answer had been filed by appellant and the required time for answering had elapsed.

*Butler v. Butler*, 577 S.W.2d 501, 507-08 (Tex. Civ. App.—Texarkana 1978), dismissed (June 13, 1979). *See also Boyd v. Kobierowski*, 283 S.W.3d 19, 24 (Tex. App.—San Antonio 2009, no pet.) ("Therefore, without a properly filed special appearance, Rule 123's presumption of a general appearance applies and the defendant is subject to a default judgment.")

Here, for the reasons discussed in more detail in Section II (B), above, Mark's special appearance was insufficient. Thus, at most, it constituted a general appearance without an answer. Bud served Mark with citation and the First Amended Petition on November 21, 2013 (C.R. 374). Mark's deadline to answer was December 16, 2013 (C.R. 374, 386). As of November 11, 2014, <u>almost a year later</u>, Mark, an attorney, had still had not answered the lawsuit and Bud filed his Motion for Default Judgment (C.R. 374-78; R.R. 11:10-12). On November 25, 2014, the trial court entered the default judgment (C.R. 386-87). Later, on December 18, 2014, Mark answered the lawsuit for the first time (C.R. 396-99). Because Mark did not timely answer, or file any answer before the trial court rendered the default judgment, the default judgment was proper. This Court must

overrule Mark's point and affirm the trial court's judgment.

IV. **MARK DID NOT PRESENT THE TRIAL COURT WITH COMPETENT EVIDENCE TO SUPPORT HIS MOTION FOR NEW TRIAL**

In his Motion for New Trial, Mark made the same general allegations concerning the default judgment and special appearance as those he asserts in his "Brief of Appellant" (C.R. 390-95). Because those arguments have already been addressed and negated in Sections II and III of this Brief, Bud will not re-assert them here and re-alleges and incorporates them as if fully set forth in this section.

When a default judgment is rendered against a defendant who had notice of the suit but did not file an answer, he must prove the three elements from *Craddock*, including that the failure to answer was a not intentional or the result of conscious indifference but was simply due to accident or mistake. *See Craddock v. Sunshine Bus Lines,* 133 S.W.2d 124 (Tex. 1939); *Director, State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994). The burden of proof was on Mark to show that his default was not the result of conscious indifference. *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 618 (Tex. App.—El Paso 1988, no writ).

As to this point, Mark only argued that he made a mistake because he thought that the court would rule on his special appearance before entering default judgment. In Section II (A) of this Brief, Bud has shown why Mark's position on that point is wrong. Moreover, Mark's position is wrong because mistake about

the law can constitute conscious indifference.  A defendant's mistaken belief about bankruptcy was not enough to reverse default judgment.  *See Novosad v. Brian K. Cunningham, P.C.,* 38 S.W.3d 767, 771 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  Likewise, when a defendant misunderstood citation and thought that he would get notice of trial, it was not enough to reverse default judgment.  *See Johnson v. Edmonds,* 712 S.W.2d 651, 652 (Tex. App.—Fort Worth 1986, no writ).

Conscious indifference occurs when "the defendant knew [he] was sued but did not care." *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,* 186 S.W.3d 571, 576 (Tex.2006) (per curiam); *Dodd v. Savino,* 426 S.W.3d 275, 288 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  It involves behavior such as a "pattern of ignoring deadlines and warnings from the opposing party." *Levine v. Shackelford, Melton & McKinley, L.L.P.,* 248 S.W.3d 166, 169 (Tex.2008) (per curiam); *Dodd,* 426 S.W.3d at 288. The court should look to the knowledge and acts of the defaulting party to determine whether the failure to answer or appear was intentional or due to conscious indifference.  *See Dir., State Emps. Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 269 (Tex.1994); *Dodd,* 426 S.W.3d at 288. Additionally, a defendant's affidavit containing only general statements without dates and other verifying information did not disprove conscious indifference.  *See Liberty Mut. Fire Ins. Co. v. Ybarra,* 751 S.W.2d 615, 617-18 (Tex. App.—El Paso

1988, no writ).

Here, Bud served Mark with citation and the First Amended Petition on November 21, 2013 (C.R. 374). Mark's deadline to answer was December 16, 2013 (C.R. 374, 386). Mark knew that it was due: he admitted to Bud's attorney that it was late and he needed to file it immediately, yet he did not do so (R.R. 11:4-15). As of November 11, 2014, almost a year after his deadline, Mark, an attorney, had not answered the lawsuit and Bud filed his Motion for Default Judgment (C.R. 374-78; R.R. 11:10-12). On December 18, 2014, Mark answered the lawsuit for the first time (C.R. 396-99). This meets the standard of conscious indifference as discussed in *Dodd*. Likewise, similar to the *Novosad* and *Johnson* defendants who also misunderstood the law, attorney Mark's alleged mistake about the impact of filing but not setting his special appearance motion for hearing is not enough to overturn the default judgment based upon his properly denied motion for new trial.

And here, like the *Liberty Mutual* defendant, Mark's "sworn" testimony was insufficient to support the new trial. Mark's motion for new trial did not contain any supporting affidavits but only verified the motion itself. The motion did not contain any dates or other verifying information, but only a general, generic statement that "Defendant reasonably assumed that having filed his Special Appearance, the same would be heard and determined by the Court prior to any

further action, much less a default judgment" (C.R. 391-92). This is not enough to require the trial court to grant the motion for new trial and overturn the default judgment.

Accordingly, the trial court did not abuse its discretion when it overruled Mark's motion for new trial. This Court must affirm the trial court's ruling and overrule Mark's appeal on this point.

## V. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION OR OTHERWISE COMMIT HARMFUL ERROR IN SEVERING THE DEFAULT JUDGMENT

### A. THE TRIAL COURT HAS WIDE DISCRETION IN SEVERING A CLAIM

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41. This rule grants the trial court broad discretion in the matter of severance and consolidation of causes. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex. 1990); *McGuire v. Commercial Union Ins. Co.,* 431 S.W.2d 347 (Tex.1968); *Saxer v. Nash Phillips-Copus Co. Real Estate*, 678 S.W.2d 736, 739 (Tex. App.—Tyler 1984, writ ref'd n.r.e.). The trial court's decision to grant a severance will not be reversed unless it has abused its discretion. *See Guar. Fed. Sav. Bank,* 793 S.W.2d at 658; *Saxer,* 678 S.W.2d at 739. A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a

20

lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *See Guar. Fed. Sav. Bank,* 793 S.W.2d at 658; *Saxer,* 678 S.W.2d at 739. The controlling reasons for a severance are to do justice, avoid prejudice and further convenience. *See Guar. Fed. Sav. Bank,* 793 S.W.2d at 658.

### B. THIS COURT SHOULD NOT REVERSE AND REMAND THE ORDER OF SEVERANCE BECAUSE IT BECAME MOOT WITH THE FINAL JUDGMENT IN THE ORIGINAL MATTER

If a trial court abuses its discretion in severing a cause of action, the appellate court should reverse and remand. *See Smith v. Sanderson*, 12-03-00137-CV, 2004 WL 2422257, at *3 (Tex. App.—Tyler Oct. 29, 2004, no pet.)

Once the original and severed matters have been disposed of by final judgments, any issue concerning severance becomes moot. *See Cappadonna Elec. Mgmt. v. Cameron County*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi 2005, no pet.). When there is no active controversy, "the decision of an appellate court would be a mere academic exercise." *Cappadonna Elec. Mgmt.,* 180 S.W.3d at 375 *(*quoting *Hanna v. Godwin,* 876 S.W.2d 454, 457 (Tex.App.—El Paso 1994, no writ). When events occur after a judgment to render appellate issues moot, the court of appeals may not decide them. *See id.* In *Cappadonna* the appellants appealed an order of severance. *See id.* However, after the severance of one suit, the parties in the original suit successfully arbitrated their claims to settlement. *See*

21

*id.* The appellate court held that "the issue of severance of the [parties'] claims is rendered moot as it would no longer be possible for this Court to remedy error, if any, in the order." *Id.*

Here, after the trial court severed the default judgment against Mark, it rendered final judgement after a jury trial in the original matter against the remaining defendants, who are not parties to this appeal (*See* Appx. 1[2]).  Thus, this Court must dismiss this point because it is moot.  It is no longer possible for this Court to remedy any alleged error on the severance, if any, because both matters have reached final judgment and this Court cannot reverse or remand the severance as it would be required to do (C.R. 386-87; 434-35; Appx. 1).  As addressed earlier, the trial court did not err by severing the judgment against Mark, but even if it did, there is no appellate remedy for what has become a moot issue. Accordingly, this Court must dismiss Mark's point.

### C.  MARK DID NOT PRESERVE ERROR BY TIMELY OBJECTING TO THE SEVERANCE

If a defendant does not object to a severance, he may not then complain to the court of appeals of error in granting the same.  *Pierce v. Reynolds*, 329 S.W.2d 76, 78 (Tex. 1959).  The rule against splitting causes of action is a branch of the broader doctrine of res judicata.  *See id.*  This rule is for the benefit of and may be

---

[2]  Ordinarily this Court is restricted to the appellate record; however, this Court can consider documents outside the record for determining its jurisdiction over the case, including whether an issue is moot.  *See Sabine Offshore Serv. v. City of Port Arthur,* 595 S.W.2d 840, 841 (Tex. 1979).

waived by the defendant. *See id.* It does not in any way limit the power of a court to hear and determine several suits instituted by a plaintiff for the recovery of different parts of a single cause of action. *See id.*

Here, Mark did not object to the severance at the trial court level. Thus, he may not complain about it for the first time to this Court. This Court must affirm the trial court's severance order.

### D. THE TRIAL COURT DID NOT ERR IN SEVERING THE DEFAULT JUDGMENT, BUT IF IT DID, SUCH ERROR IS HARMLESS

Mark complains that the trial court erred because it cannot sever an indivisible injury against multiple defendants. This argument is overly simplistic. As the Texas Supreme Court stated when another defendant made a similar argument that a cause of action for an indivisible injury cannot be severed among joint and several liability defendants "[c]ertainly, this is not a hard and fast rule. Such causes of action have frequently been severed for venue purposes." *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 733 (Tex. 1984).

The proceedings and arguments in *Morgan* are similar to those found here. *Morgan* was a personal injury case where the plaintiff sued two defendants, jointly and severally, under theories of negligence and strict liability. *See id.* at 730. One defendant answered, but the other did not and the trial court entered and severed a default judgment against the non-answering defendant. *See id.* In deciding that the severance was proper, the Supreme Court stated that because the plaintiff allegedly

23

suffered an indivisible injury as a result of the tortious acts of two wrongdoers, she had the option of proceeding to judgment against any one defendant separately or against all in one suit. *See id.* at 733. The plaintiff's suits against each defendant were separate causes of action that could be separately tried as if they were the only claim in controversy. *See id.* at 733-34. Thus, severance was proper. *See id.* at 734.

The Supreme Court noted that in many cases, considerations of fairness or judicial economy may require a trial court not to sever a cause of action brought by a plaintiff who seeks to impose joint and several liability upon multiple defendants for indivisible injuries. *See id.* However, under the facts presented, the trial court did not abuse its discretion in severing the cause of action between defendants. *See id.* Additionally, the Supreme Court held that even if the trial court's severance was error, it was not an error that was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. *Id.*

Here, like *Morgan*, Bud could have proceeded against Mark in an individual suit. Thus, severance was proper. Moreover, Mark has not demonstrated, to the trial court or to this Court, that considerations of fairness or judicial economy required the trial court not to sever the causes of action against him. Indeed, the opposite is true: severing the causes of action against Mark encouraged fairness because it permitted the elderly plaintiff who had been

defrauded by his children of more than $180,000.00 to begin collection efforts (R.R. 11:24-12:11). Moreover, the other defendants proceeded to and participated in a jury trial without requiring Mark's participation (*See* Appx. 1). Finally, even if the trial court erred in severing the claim against Mark, he has not shown that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Thus the error, if any, was harmless.

Mark's argument on this point fails. This Court must affirm the trial court's order of severance.

## CONCLUSION AND PRAYER

As demonstrated, Mark cannot succeed on his appeal. Mark failed to answer before his deadline and before the trial court rendered default judgment, therefore the default judgment is proper and must be affirmed. Because Mark did not file his fatally insufficient Special Appearance with no accompanying Answer until <u>after</u> Bud filed the Motion for Default Judgment with liquidated damages, no hearing was required, and Mark was not entitled to any type of notice before the Default Judgment was signed.

Mark failed to ensure the due order of hearings and cannot now complain about the trial court's failure to rule on his special appearance, which was unsworn and did not comply with Rule 120a's requirements. Mark also did not meet his burden to prove the elements of his motion for new trial after default judgment,

especially that his failure to answer was not intentional or the result of conscious indifference. Mark did not timely object to the order of severance which has now become moot. Furthermore, Mark has not shown that the order of severance was in any way improper or that, if it was error, that the error caused any harm.

Accordingly, Edwin N. "Bud" Healey prays that this Court overrule Mark's appeal in its entirety, affirm the trial court's judgment and orders, and for all other relief, in law or in equity, to which he is entitled.

Respectfully submitted,
LOVELACE KILLEN, P.L.L.C.

By:  */s/ Jennifer L. Lovelace*
      Jennifer L. Lovelace
      Texas Bar No. 24051110
      jlovelace@lovelacekillen.com
      Koy R. Killen
      Texas Bar No. 24032628
      kkillen@lovelacekillen.com
      104 South Main Street
      Burleson, Texas 76028
      Tel. (817) 447-0053
      Fax. (817) 447-0052

**ATTORNEYS FOR APPELLEE**
**EDWIN N. HEALEY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record, via electronic service on October 21, 2015.

Steve Stark                                             *Via Electronic Service*
Stark & Groom, LLP
110 East Corsicana Street
Athens, Texas 75751
*Attorney for Appellant*

/s/ Jennifer L. Lovelace
Jennifer L. Lovelace


## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that the foregoing Appellee's Brief contains 6,207 words.

/s/  Jennifer L. Lovelace

No. 12-15-00047-CV

**IN THE COURT OF APPEALS**
**FOR THE TWELFTH JUDICIAL DISTRICT**
**TYLER, TEXAS**

**MARK J. HEALEY**
*APPELLANT*

**V.**

**EDWIN N. HEALEY**
*APPELLEE*

Appealed from the 3rd Judicial District Court
Henderson County, Texas
Cause No. 2014C-0638, the Honorable Mark Calhoon, Presiding

**APPENDIX TO APPELLEE'S BRIEF**

Jennifer L. Lovelace
Texas Bar No. 24051110
jlovelace@lovelacekillen.com
Koy R. Killen
Texas Bar No. 24032628
kkillen@lovelacekillen.com
104 South Main Street
Burleson, Texas 76028
Tel. (817) 447-0053
Fax. (817) 447-0052

**ATTORNEYS FOR APPELLEE**

**ORAL ARGUMENT NOT REQUESTED**

Appendix 1:        Final Judgment

Appendix 2:        TEX. R. CIV. P. 41

Appendix 3:        TEX. R. CIV. P. 120a

Appendix 4:        TEX. R. CIV. P. 239

Appendix 5:        TEX. R. CIV. P. 241

# APPENDIX 1

| EDWIN N. HEALEY | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| v. | § | HENDERSON COUNTY, TEXAS |
| | § | |
| | § | |
| E. PETER HEALEY and | § | |
| PAUL C. HEALEY | § | 3RD JUDICIAL DISTRICT |

## FINAL JUDGMENT

On the 9th day of June, 2015, this cause was called for jury trial. Plaintiff, Edwin N. Healey, appeared in person and through counsel and announced ready. Defendant E. Peter Healey appeared in person and through counsel and announced ready. Defendant Paul C. Healey appeared in person and announced ready. Third-Party Defendants Michael Healey and Elizabeth Healey appeared in person and through counsel and announced ready.

After a jury was impaneled and sworn, it heard the evidence and arguments. In response to the jury charge, the jury made findings that the Court received, filed, and entered of record on June 18, 2015. The Court now RENDERS judgment on the verdict.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Plaintiff Edwin N. Healey have judgment against Defendants E. Peter Healey and Paul C. Healey, jointly and severally, for the following:

1. Actual damages in the amount of $186,620.99;

2. Reasonable and necessary attorney's fees in the amount of $37,479.50;

3. Postjudgment interest at the rate of 5% from the date of judgment until paid in full; and

4. Costs of court.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff Edwin N. Healey have judgment against Defendant E. Peter Healey for the following additional amounts:

1.   Actual damages in the amount of $56,994.43;

2.   Additional damages of $1,000.00 pursuant to the Texas Theft Liability Act;

3.   Exemplary damages of $50,000.00;

4.   Reasonable and necessary attorney's fees in the amount of $69,604.80;

5.   Upon the denial of post-judgment motion(s) filed by Defendant E. Peter Healey, if any, additional attorney's fees in the amount of $5,000.00;

6.   Upon the defense of an unsuccessful appeal filed by Defendant E. Peter Healey with an intermediate court of appeals, if any, additional attorney's fees in the amount of $15,000.00;

7.   Upon the denial of a petition for review filed with the Supreme Court of Texas by Defendant E. Peter Healey, if any, additional attorney's fees in the amount of $10,000.00;

8.   Upon the defense of an unsuccessful appeal to the Supreme Court of Texas following a petition for review filed by Defendant E. Peter Healey and granted by the Supreme Court of Texas, additional attorney's fees in the amount of $10,000.00;

9.   Postjudgment interest on all amounts awarded at the rate of 5% from the date of judgment until paid in full; and

10.   Costs of court.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff Edwin N. Healey have judgment against Defendant Paul C. Healey for the following additional amounts:

1.   Additional damages of $1,000.00 pursuant to the Texas Theft Liability Act;

2.   Exemplary damages of $25,000.00;

3.   Upon the denial of post-judgment motion(s) filed by Defendant Paul C. Healey, if any, additional attorney's fees in the amount of $5,000.00;

4. Upon the defense of an unsuccessful appeal filed by Defendant Paul C. Healey with an intermediate court of appeals, if any, additional attorney's fees in the amount of $15,000.00;

5. Upon the denial of a petition for review filed with the Supreme Court of Texas by Defendant Paul C. Healey, if any, additional attorney's fees in the amount of $10,000.00;

6. Upon the defense of an unsuccessful appeal to the Supreme Court of Texas following a petition for review filed by Defendant Paul C. Healey and granted by the Supreme Court of Texas, additional attorney's fees in the amount of $10,000.00;

7. Postjudgment interest on all amounts awarded at the rate of 5% from the date of judgment until paid in full; and

8. Costs of court.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Third-Party Defendants Michael and Elizabeth Healey have judgment against Defendant E. Peter Healey for the following:

1. Reasonable and necessary attorney's fees in the amount of $24,260.38;

2. Upon the denial of post-judgment motion(s) filed by Defendant E. Peter Healey, if any, additional attorney's fees in the amount of $5,000.00;

3. Upon the defense of an unsuccessful appeal filed by Defendant E. Peter Healey with an intermediate court of appeals, if any, additional attorney's fees in the amount of $15,000.00;

4. Upon the denial of a petition for review filed with the Supreme Court of Texas by Defendant E. Peter Healey, if any, additional attorney's fees in the amount of $10,000.00;

5. Upon the defense of an unsuccessful appeal to the Supreme Court of Texas following a petition for review filed by Defendant E. Peter Healey and granted by the Supreme Court of Texas, additional attorney's fees in the amount of $10,000.00;

6. Postjudgment interest on all amounts awarded at the rate of 5% from the date of judgment until paid in full; and

7. Costs of court.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that E. Peter Healey take nothing on any and all claims asserted by him in this cause.

IT IS **ORDERED** that Plaintiff Edwin N. Healey and Third-Party Defendants Michael and Elizabeth Healey shall have all writs of execution and other processes necessary to enforce this judgment. This judgment disposes of all parties and all claims and is **final** and appealable.

SIGNED this _____ day of __6/32_____, 2015.

_____
JUDGE PRESIDING

# APPENDIX 2

Vernon's Texas Rules Annotated
    Texas Rules of Civil Procedure
        Part II. Rules of Practice in District and County Courts
            Section 3. Parties to Suits

TX Rules of Civil Procedure, Rule 41

Rule 41. Misjoinder and Non-Joinder of Parties

Currentness

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. Any claim against a party may be severed and proceeded with separately.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of March 31, 1941, eff. Sept. 1, 1941.

Vernon's Ann. Texas Rules Civ. Proc., Rule 41, TX R RCP Rule 41
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX 3

Vernon's Texas Rules Annotated
    Texas Rules of Civil Procedure
        Part II. Rules of Practice in District and County Courts
            Section 5. Citation (Refs & Annos)

TX Rules of Civil Procedure, Rule 120a

Rule 120a. Special Appearance

Currentness

1. Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. A special appearance may be made as to an entire proceeding or as to any severable claim involved therein. Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; and may be amended to cure defects. The issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of such special appearance. Every appearance, prior to judgment, not in compliance with this rule is a general appearance.

2. Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard. No determination of any issue of fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof.

3. The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony. The affidavits, if any, shall be served at least seven days before the hearing, shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Should it appear to the satisfaction of the court at any time that any of such affidavits are presented in violation of Rule 13, the court shall impose sanctions in accordance with that rule.

4. If the court sustains the objection to jurisdiction, an appropriate order shall be entered. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State.

**Credits**
April 12, 1962, eff. Sept. 1, 1962. Amended by orders of July 22, 1975, eff. Jan. 1, 1976; June 15, 1983, eff. Sept. 1, 1983; April 24, 1990, eff. Sept. 1, 1990.

Vernon's Ann. Texas Rules Civ. Proc., Rule 120a, TX R RCP Rule 120a

Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX 4

Vernon's Texas Rules Annotated
Texas Rules of Civil Procedure
Part II. Rules of Practice in District and County Courts
Section 11. Trial of Causes
A. Appearance and Procedure

TX Rules of Civil Procedure, Rule 239

Rule 239. Judgment by Default

Currentness

Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the return of service shall have been on file with the clerk for the length of time required by Rule 107.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of April 12, 1962, eff. Sept. 1, 1962; Dec. 12, 2011, eff. Jan. 1, 2012.

Vernon's Ann. Texas Rules Civ. Proc., Rule 239, TX R RCP Rule 239
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX 5

Vernon's Texas Rules Annotated
    Texas Rules of Civil Procedure
        Part II. Rules of Practice in District and County Courts
            Section 11. Trial of Causes
                A. Appearance and Procedure

TX Rules of Civil Procedure, Rule 241

Rule 241. Assessing Damages on Liquidated Demands

Currentness

When a judgment by default is rendered against the defendant, or all of several defendants, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor, unless the defendant shall demand and be entitled to a trial by jury.

**Credits**
Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of Dec. 5, 1983, eff. April 1, 1984.

Vernon's Ann. Texas Rules Civ. Proc., Rule 241, TX R RCP Rule 241
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.